BASKETERIA STORES, INCORPORATED, v. PUBLIC INDEMNITY COMPANY.

(Filed 19 April, 1933.)

Contracts A d—

Defendant set up a contract under seal, indicating detriment suffered by defendant and benefit accruing to plaintiff, in bar of plaintiff's right to recover: *Held*, the contract is not void for lack of consideration, the seal importing consideration, and detriment suffered by one party or benefit accruing to the other being a valuable consideration.

APPEAL by plaintiff from *Sink, J.*, at February Term, 1933, of FORSYTH. Affirmed.

The judgment of the court below was as follows: "The above case coming on to be heard and being heard before his Honor, H. Hoyle Sink, judge presiding at the February 13th Term, 1933, of the Superior Court of Forsyth County, upon an appeal from a judgment rendered in favor of the plaintiff at the December 5th Term, 1932, of the Forsyth County Court, upon an agreed statement of facts, and the court having considered the record, together with the defendant's assignment of error, and after hearing the argument of counsel, being of the opinion that the plaintiff is not entitled to recover of the defendant upon the agreed statement of facts, except the sum of $250.00 tendered by the defendant and costs of county court with interest on amount tendered from 9 January, 1931, and that there was error in the judgment of the Forsyth County Court; now, therefore, it is ordered, decreed and adjudged that the defendant's assignment of error be and the same is hereby sustained; the plaintiff is taxed with the costs of this appeal, and the case is hereby remanded to the Forsyth County Court for judgment to be entered therein in accordance herewith."

*Parrish & Deal for plaintiff.*
*Manly, Hendren & Womble for defendant.*

CLARKSON, J. The questions involved on this appeal: (1) Is the assured protected under an automobile insurance policy, which provides

that the company will not be liable if the car is driven or manipulated by a person under the age of sixteen years, when the car is driven by a person under the age of sixteen years, not the agent of the assured, and without the knowledge or consent of the assured? (2) Was there valid consideration to support the contract pleaded by the defendant?

The first question need not be decided. As to the second question, we think the contract pleaded by defendant valid, and plaintiff cannot recover in this action. The agreement was under seal, which imports consideration. *Thomason v. Bescher*, 176 N. C., 622, 625. The agreement recites "in consideration of the mutual promises herein contained and other valuable consideration."

The contract indicated that there was detriment to the defendant and benefit to the plaintiff, either of which is recognized as valuable consideration. "Any benefit to the promisor or any loss or detriment to the promisee is a sufficient consideration to support a contract." *Fawcett v. Fawcett*, 191 N. C., 679, 681; *Warren v. Bottling Co., ante*, 288, 291.

The cases cited by plaintiff are not applicable under the facts in this case. We do not think the solemn agreement, under seal, with recitals, is a "scrap of paper," but a valid and binding agreement. The judgment of the court below is

Affirmed.