CHARLES L. BRYANT, SR., ADMINISTRATOR OF THE ESTATE OF DAVID
BRYANT, DECEASED, v. WOODUS KELLUM, ADMINISTRATOR OF ESTATE
OF MAGGIE EVERETT NEWKIRK, DECEASED.

(Filed 11 December, 1935.)

**1. Limitation of Actions E c—**

Where the statute of limitation is pleaded, the burden is on plaintiff to
show that the action was brought within the time allowed by the statute.

2. **Limitation of Actions C a—In order for partial payment to prevent bar circumstances must show debtor's recognition of debt as then existing.**

    Evidence disclosing only that defendant paid plaintiff a sum of money and obtained a receipt therefor, without evidence of the contents of the receipt, or what passed between the parties, is insufficient to show a partial payment on the debt sued on so as to prevent the bar of the statute of limitations, since partial payment, to be effective under the statute, C. S., 416, must be made under circumstances warranting the clear inference that the debtor recognizes the debt sued on as then existing and his obligation to pay same.

APPEAL by plaintiff from *Cranmer, J.,* at April Term, 1935, of NEW HANOVER. Affirmed.

Plaintiff brought his action on a note executed to his intestate, David Bryant, by the defendant's intestate, Maggie Newkirk. The note was for the sum of $500.00, dated 9 May, 1918, due four months after date, and secured by a mortgage on certain real estate. The defendant set up the plea of the statute of limitations. There was no evidence of any credit on said note.

The plaintiff offered evidence tending to show that some time in October, 1932, Maggie Newkirk handed to David Bryant the sum of ten dollars, and that Bryant procured a pencil and paper and wrote a receipt and gave it to Maggie Newkirk. There was no evidence as to the contents of the paper writing or receipt, nor as to what passed between the parties, except that Maggie Newkirk said, "I will do better when I come again."

The court below sustained the motion to nonsuit, and from judgment thereon the plaintiff appealed.

*Rountree & Rountree for plaintiff.*
*G. Dudley Humphrey for defendant.*

PER CURIAM. The statute of limitations having been pleaded, the burden of proof was on the plaintiff to show that his action was brought within the time allowed by the statute. C. S., sec. 416, provides that: "No acknowledgment or promise is evidence of a new or continuing contract, from which the statutes of limitations run, unless it is contained in some writing signed by the party to be charged thereby; but this section does not alter the effect of any payment of principal or interest." The last clause of this section has been construed by this Court in numerous cases, wherein it has been uniformly held that a partial payment to have the effect to prevent the bar of the statute of limitations must be made under such circumstances as will warrant the clear inference that the debtor recognizes the debt as then existing and his willingness, or, at

least, his obligation to pay the balance.   *Piano Co. v. Loven,* 207 N. C.,
96; *Nance v. Hulin,* 192 N. C., 665; *Battle v. Battle,* 116 N. C., 161.

The evidence offered in the case at bar does not bring it within the
rule laid down.   The judgment of nonsuit is
Affirmed.