### HONEY PROPERTIES, INC. v. CITY OF GASTONIA.

(Filed 18 May, 1960.)

**1. Contracts § 16—**

Where a contract is written and signed by one party and delivered to the other party without any conditions or reservations, and the contract is accepted by such other party, the agreement is complete, and the first party may not, in the absence of assent by the other party, thereafter attach conditions and reservations thereto, and a letter setting forth such conditions, even though the letter is written on the same day as the contract, cannot modify the contract when the letter is not received by the other party until after the contract had been accepted.

**2. Municipal Corporations § 16—**

A contract by the owner of land outside the corporate limits of a municipality that, in consideration of the city's permitting him to connect with the city's sewer system, the city should be the owner in fee simple of the sewer lines whenever the city should extend its limits to include the locus, *held* supported by sufficient consideration and binding, and after acceptance of the agreement by the city by permitting the connection, the owner may not assert that the agreement was conditioned upon whether the city was forced to pay other property owners upon the appropriation of their water and sewer lines.

**3. Contracts § 4—**

A contract executed under seal imports consideration, *nudum pactum* being applicable only to simple contracts.

**4. Municipal Corporations § 16—**

A municipality has the right to require that the owner of a sewer line waive any right to compensation in the event the city should later appropriate the line as a condition precedent to permitting such owner to connect his line with the city sewer system, and the permit to make such connection is a sufficient consideration for the owner's agreement.

This cause was heard by *Froneberger, J.,* December Civil Term, 1959, of GASTON. The plaintiff thereafter filed a petition for writ of *certiorari,* which was allowed on 23 February 1960.

In 1952, the plaintiff was the owner of a tract of land lying approximately 2,000 feet more or less, east of the corporate limits of the city

of Gastonia, fronting on Wilkinson Boulevard. The plaintiff owned and operated a restaurant on said premises. At that time the restaurant disposed of its waste and sewage through its own septic tank; however, for sometime the septic tank had proved expensive and unsatisfactory because frequently there was an overflow of liquid waste therefrom on top of the ground behind the restaurant. The Gaston County Health Department recommended to plaintiff that the restaurant be connected to the sewer system of the City of Gastonia and the septic tank abandoned.

The record in this case tends to support these facts: That an attorney for the plaintiff appeared before the City Council of the City of Gastonia on 6 May 1952, and made a request that the plaintiff be permitted to connect a sewer line with the sewer system of the City of Gastonia; that a committee was appointed to consider the matter and submit recommendations with respect thereto at a special meeting to be held at 11:30 a.m., Wednesday, 7 May 1952. The Council adopted the committee's report, which provided substantially as follows:

"1. That before any water or sewer connection is made by any person, firm or corporation, said person, firm or corporation shall agree that the said water lines shall be the property of the City when and if the said territory is taken into the City. 2. That any fees for tapping is a matter between the owner of the line or lines and those making taps prior to coming into the City. 3. That all lines are to be laid under the direction and supervision of the City Engineer. 4. In view of the fact that the owner or owners have agreed to give lines to the City when they are taken into the City, the City should control and maintain said lines."

At said meeting on 7 May 1952, the Council unanimously voted that the City follow the recommendations of the committee above set out and that all such "problems" be handled in accordance therewith.

Thereafter, on 22 May 1952, a contract was executed in the plaintiff's name by its president, attested by its secretary and its corporate seal affixed thereto, and duly acknowledged before a Notary Public in Mecklenburg County, the pertinent part of which contract reads as follows: "In consideration of being permitted to connect with the sewer system of the City of Gastonia, we do hereby agree that whenever the said lines hereinafter described shall be taken into the City of Gastonia, the said City shall be the owner in fee simple of said lines, together with any and all right of ways under said sewer lines owned or acquired by us. Provided said City shall maintain said lines. Said lines are described as follows * * *." This contract was delivered

either by the plaintiff or its agent to the City Council at the meeting of the Council on 22 May 1952, at which meeting the Council ordered that the contract be recorded. The record further reveals that the contract was filed for registration in the office of the Register of Deeds in Gaston County at 9:00 a.m. on the 24th day of May 1952. The plaintiff's sewer line was connected to the sewer system of the City of Gastonia on 23 May 1952.

Thereafter, a letter dated 22 May 1952 and addressed to the City of Gastonia, Gastonia, North Carolina, was received by the City and reads as follows: "Owing to the dire need for sewer lines to my property known as Minute Grill of Gastonia, N. C., which is outside the city limits, and the inadvisability of awaiting the outcome of certain litigation of Gaston County citizens with the City of Gastonia, in which such citizens are taking the same position we have taken— namely that the City should buy the sewer line at depreciated cost when taken into the City—we have signed and mailed you the contract which you asked us to sign. This contract is delivered on the condition that if the position of the City of Gastonia in the pending suits in question is not finally sustained then we shall have the right to bring an action for proper compensation in line with such final ruling of the court."

This letter was sent by registered mail from Dilworth Station in Charlotte, North Carolina, and was not delivered until 26 May 1952. On the following day, 27 May, 1952, the City Manager of the City of Gastonia wrote to the president of the plaintiff corporation as follows: "You executed a contract with the City of Gastonia in regard to a sewer line and the contract has been duly recorded. It is the agreement between your company and the City that the only rights that you have are set forth in that contract notwithstanding your letter that was received yesterday."

On 21 December 1954, the territory in which the sewer line in controversy was located was duly incorporated within the city limits of the City of Gastonia and said sewer line presently constitutes a part of the sewer system of said City. This action was instituted and service obtained on the defendant on 18 December 1957.

The president of the plaintiff corporation testified that according to the best of his knowledge and belief the contract referred to herein was enclosed and mailed to the City in the same envelope in which the letter dated 22 May 1952 was mailed.

At the close of all the evidence of both the plaintiff and the defendant, the defendant moved for judgment as of nonsuit. The motion was allowed and the plaintiff gave notice of appeal to the Su-

preme Court. Later, a petition for writ of *certiorari* was filed in the Supreme Court and allowed as hereinabove indicated.

*Hollowell & Stott, Hugh W. Johnston for plaintiff.*
*J. Mack Holland, Jr., James B. Garland for defendant.*

DENNY, J.   The plaintiff's sole exception and assignment of error is to the action of the court below in sustaining the defendant's motion for judgment as of nonsuit.

The plaintiff contends that the trial court committed error in refusing to permit the jury to find the facts and determine whether or not the defendant should pay the plaintiff for the sewer line installed by the plaintiff and thereafter made a part of the defendant's sewer system.

We are of the opinion that the ruling of the court below should be upheld for the following reasons: (1) As we construe the record in this case, there were no conditions attached to the delivery of the contract executed by the plaintiff on 22 May 1952. The evidence supports the view that this contract was delivered to the City of Gastonia after its execution on 22 May 1952; that it was accepted by the City Council of the City of Gastonia at a meeting of the Council on the above date and ordered filed for registration; that it was filed for registration in the office of the Register of Deeds for Gaston County on 24 May 1954, two days before the letter dated 22 May 1952 was received by the City, purporting to make the contract previously delivered subject to certain conditions and reservations. This was too late to modify the contract. Therefore, we hold that, the contract having been delivered unconditionally insofar as the record discloses, and the plaintiff having been granted the privilege which was the consideration for the execution of the contract, to wit, the right to connect its sewer line with the sewer system of the City of Gastonia, which connection was made on 23 May 1952, the plaintiff's agreement could not be altered or amended thereafter except by the consent of the defendant and there is no evidence tending to show that the defendant ever consented to any change or modification of the contract. (2) The contention of plaintiff that the contract with the City, which was executed on 22 May 1952, was without consideration and therefore invalid, is without merit on two grounds: First, the contract states, "In consideration of being permitted to connect with the sewer system of the City of Gastonia, we do hereby agree that whenever the said lines * * * shall be taken into the City of Gastonia, the said City shall be the owner in fee simple of said lines * * *."

Second, the contract was executed under seal. A contract executed under seal imports consideration. *McGowan v. Beach,* 242 N.C. 73, 86 S.E. 2d 763, and cited cases. *Pearson, C. J.,* in considering this question in *Harrell v. Watson,* 63 N.C. 454, said: "A bond needs no consideration. The solemn act of sealing and delivering is a *deed, a thing done,* which, by the rule of the common law, has full force and effect, without any consideration. *Nudum pactum* applies only to simple contracts. * * *"

Moreover, the execution of the contract by the plaintiff was a condition which the City had the right to require before permitting the plaintiff to connect its sewer line to the sewer system of the City. *Construction Co. v. Raleigh,* 230 N.C. 365, 53 S.E. 2d 165.

The plaintiff could not compel the City of Gastonia to permit it to connect its sewer line to the sewer system of the City. On the other hand, the City was powerless to compel the plaintiff to construct a sewer line and connect it with the City sewer system. It was purely a matter of contract, on such terms as the City was willing to grant and the plaintiff was willing to accept. *Construction Co. v. Raleigh, supra;* G.S. 160-255.

The fact that the City may have entered into previous contracts in which it had agreed to purchase sewer and water lines if and when the territory was incorporated within the city limits, is not controlling on this record.

In light of the facts revealed in this case, the judgment of the court below is

Affirmed.