HUBERT MONTAGUE AND HARVEY MONTAGUE, D/B/A MONTAGUE
BUILDING COMPANY v. C. T. WOMBLE.

(Filed 25 May, 1966.)

**1. Frauds, Statute of § 6a—**

An oral contract for the purchase and sale of realty is void in all its
parts under the statute of frauds and cannot constitute consideration for
a check for part payment given by the purchaser without any notation
thereon concerning the agreement.

**2. Bills and Notes § 17—　Check for initial payment under parol contract to convey is without consideration when no property rights are
conveyed.**

Plaintiffs instituted this action on a check issued by defendant, which
check was dishonored by the bank for insufficient funds. Defendant alleged that the check was given as down payment on a parol contract to
purchase realty, that plaintiffs had not conveyed any property to defendant but had sold the realty to another, and plaintiffs' own evidence disclosed that plaintiffs had sold the locus to another, and they did not claim
that they suffered any damages as the result of the oral negotiations.
*Held:* Plaintiffs' own evidence establishes want of consideration for the
check, and the court should have sustained defendant's plea of want of
consideration.

MOORE, J., not sitting.

APPEAL by defendant from *Mallard, J.,* January 24, 1966 Civil
Session, WAKE Superior Court.

The plaintiffs in this action filed the following complaint:

"I.　That the plaintiffs are citizens and residents of the County
of Wake, State of North Carolina.

"II.　That the defendant is a citizen and resident of the County
of Wake, State of North Carolina.

"III.　That on or about September 21, 1964, the defendant
executed and delivered to the plaintiffs, Hubert Montague and
Harvey Montague, d/b/a Montague Building Company, a
check in the sum of Five Thousand ($5,000.00) Dollars, said
check being in exact words and figures as shown on Exhibit 'A'
attached hereto.

"IV.　That said check was presented for payment and was returned for insufficient funds.

"WHEREFORE, the plaintiffs demand judgment against the defendant in the sum of Five Thousand ($5,000.00) Dollars, together with interest at the rate of six per cent per annum from
September 21, 1964; for the costs of this action to be taxed by
the Clerk; and for such other and further relief as to the Court
may seem just and proper."

Attached to the complaint as an exhibit was the following:

"Raleigh, N. C. Sept. 21, 1964　　　　　　No............

Pay to the Order of

Montague Building Co.　　　　　　　　　　$5,000.00

Five Thousand . . . . . . . . . Dollars

NORTH CAROLINA NATIONAL BANK

Raleigh, North Carolina　　　　　　　　C. T. Womble

　Down Payment on house

05120025　　　043097385　　　　　　0000500000"

The defendant, by amended answer, admitted all the allegations of the complaint and by way of further answer, defense, and plea in bar, alleged:

"1. Defendant denies that he is indebted to plaintiffs in any amount whatsoever. The check referred to in the plaintiffs' Complaint shows on its face that it was purported to be or represent 'down payment on house.' Plaintiffs have not bargained, sold, granted, conveyed, leased or rented any house of any kind to defendant, nor has defendant purchased, leased or rented from plaintiffs any house of any kind, and that no consideration of any kind to support said check has passed between plaintiffs and defendant, and that said check is entirely without consideration of any kind.

"2. Previous to the defendant's having given said check to plaintiffs, the plaintiff Harvey Montague had certain oral conversations with defendant and defendant's wife as to the sale of certain lands, tenements and hereditaments belonging to the plaintiffs and their respective wives under an estate by the entireties; all of said conversations and negotiations were oral and no written agreement, contract, note or memorandum thereof was ever signed or executed by defendant, and that, in fact, defendant and his wife had not actually concluded or reached any agreement with plaintiffs as to the sale and purchase of said property, nor had the plaintiffs reached any agreement with the defendant, nor had they or either of them signed or otherwise executed any written agreement, contract, note, or memorandum thereof to convey said lands to defendant. Since receiving said check from defendant, plaintiffs have never tendered any instrument of conveyance of said property to defendant or his wife, and plaintiffs have in fact conveyed their interest in said property to third parties; . . ."

One of the plaintiffs testified: "We never had any written agreement with the defendant or his wife as to the construction of the

house. It was completely oral. . . . I have never signed the deed. The other signatures on the deed have never been acknowledged by a notary public. I expected to hand the deed to Mr. Womble at the bank, but I expected the money first, the full amount of the purchase price. . . . We sold the house and no longer own it."

At the conclusion of the evidence the defendant moved for non-suit and excepted to the court's refusal to grant the motion. The defendant tendered the following issues:

"1. Was the check given by defendant to plaintiffs given for a valuable consideration?

"2. If so, was there a failure of said consideration?

"3. In what amount, if any, is defendant indebted to plaintiffs?"

Over defendant's objection, the court tendered this issue:

"1. What amount, if any, is the defendant C. T. Womble indebted to the plaintiffs?"

The court instructed the jury:

"I also instruct you that all the evidence tends to show that the defendant gave to the plaintiffs a check for $5,000.00, which check has not been paid and that it was given to the plaintiffs by the defendant as a down payment for a house and that the plaintiffs were ready and willing to convey the property had the defendant paid the remainder of the purchase price."

The jury answered the issue, "$5,000.00." From judgment for the plaintiffs in accordance with the verdict, the defendant appealed, assigning errors.

*Bailey, Dixon & Wooten by Wright T. Dixon, Jr., for plaintiff appellees.*

*Crisp, Twiggs & Wells by Hugh A. Wells for defendant appellant.*

HIGGINS, J. As stated in the complaint, the cause of action rests solely on: (1) the execution and delivery of a check for $5,-000.00; and (2) the failure of the check to clear the bank when presented. The complaint does not allege the check was based on any valuable consideration, or in discharge of any debt or obligation the defendant owed the plaintiffs.

The defendant did not challenge the sufficiency of the complaint to state a cause of action in the Superior Court; nor does he do so

here. He does allege, however, (1) the check was without consideration; (2) that he is not justly indebted to the plaintiffs in any amount; (3) that the parties carried on negotiations entirely in parol with respect to the purchase by the defendant of a lot on which a house was under construction. The defendant gave the check as an advance payment during the negotiations which failed to culminate in a binding contract in that no written agreement or memorandum was executed or signed by either of the parties. The defendant never received any consideration whatever for the check. The plaintiffs have never conveyed the property or any property rights whatever to the defendant. In fact, the plaintiffs have sold and conveyed the house and lot to another purchaser. This they admit.

The plaintiffs' evidence in essence established the foregoing. The plaintiffs admit that all negotiations were in parol; that no contract or writing was ever signed by the defendant. They admit they have sold and conveyed the house to another. They do not claim they sold at a loss or that they suffered any damage whatever as a result of their having negotiated orally with the defendant.

In short, the plaintiffs ask the Court to order the check paid without ascertaining whether any part of it is justly due. The plaintiffs' own evidence established the defense that the check was without consideration. It was not a gift. It was not a loan. It was not in payment of any legally binding obligation. It was given in anticipation of what would be a credit on the purchase price of a house, the deal for which was never consummated. The contract and all its parts were void under the statute of frauds. *Searcy v. Logan,* 226 N.C. 562, 39 S.E. 2d 593; *Hodges v. Stewart,* 218 N.C. 290, 10 S.E. 2d 723; *Culp v. Love,* 127 N.C. 457, 37 S.E. 476. The plaintiffs' own evidence established the defendant's plea in bar. The court should have sustained the plea. Instead, it rendered judgment for the plaintiffs for the full amount of the check based on a single issue which the jury answered for the plaintiffs under peremptory instructions from the court. The judgment is

Reversed.

MOORE, J., not sitting.