HUBERT MONTAGUE AND HARVEY MONTAGUE, D/B/A MONTAGUE BUILDING COMPANY, PLAINTIFFS, v. C. T. WOMBLE, DEFENDANT.

(Filed 19 April, 1967.)

**Pleadings § 24—**

The effect of sustaining a plea in bar is to destroy the cause of action alleged, and motion to be allowed to amend thereafter made by plaintiff is properly denied.

APPEAL by plaintiffs from *Bone, E.J.,* December 1966 Assigned Civil Session, WAKE Superior Court.

*Bailey, Dixon & Wooten by Wright T. Dixon. Jr., for plaintiff appellants.*
*Crisp, Twiggs & Wells by Hugh A. Wells, for defendant appellee.*

PER CURIAM. The plaintiffs' complaint is quoted in full, the defendant's answer is summarized, and the pertinent facts involved in this controversy are discussed in the former opinion of this Court reported in 267 N.C. 360.

The plaintiffs' cause of action was based entirely on the allegation the defendant issued to the plaintiffs a check for $5,000 which did not clear the bank. They demanded judgment for the amount of the check and interest. The defendant admitted signing and delivering the check. As a plea in bar, he alleged the check was intended as a down payment or credit on the purchase price of a

house and lot which the parties were then negotiating; that the negotiations were entirely in parol, were never consumated and, in fact, the plaintiffs sold and conveyed the house and lot to another; and that the defendant received nothing for the check. These facts appeared from the plaintiffs' testimony at the trial. They admitted the house and lot were sold to another purchaser. This Court reversed the judgment in plaintiffs' favor entered in the court below upon the ground the plaintiffs' evidence established the defendant's plea in bar.

After our decision was certified to the Superior Court, the plaintiffs appeared and moved to amend their complaint, attempting to set up another and different cause of action. Judge Bone denied the motion and the plaintiffs appealed. When the plea in bar was established, the effect was to destroy the cause of action alleged. Judge Bone was correct in refusing to permit the plaintiffs to amend. The judgment is

Affirmed.