JEAN H. LITTLE v. GRUBB OIL COMPANY AND JUNE C. LITTLE, SR.

No. 7122SC617

(Filed 15 September 1971)

1. Bills and Notes § 4— note under seal — presumption of consideration

A note under seal raises a presumption of consideration.

2. Bills and Notes § 4— presumption of consideration — burden of rebuttal

While the presumption of consideration is rebuttable as between the original parties to a note or as to any person not a holder in due course, the burden of rebutting the presumption is on the defendant.

3. Bills and Notes § 4— husband's note to wife — sufficiency of consideration — jury question

A wife presented sufficient evidence to go to the jury on the question of whether a $10,000 note executed to her by her husband was given for sufficient consideration, where the wife testified that a check for $10,000, made payable to her, was given to her by her husband, who stated that it represented proceeds from the sale of his deceased mother's house and that his mother had wanted plaintiff to have the money; and that the husband then asked her for a loan of $10,000, stating that he would give her a demand note which would be as good as cash.

4. Trial § 10— remarks of trial court — harmless effect

Trial court's remarks during defendant's cross-examination of the plaintiff, "What is the use of all this? It doesn't have a thing in the world to do with the law suit," was not prejudicial to the defendant, since the remark was made in response to a series of irrelevant questions.

APPEAL by defendant from *Crissman, Judge,* 10 May 1971 Civil Session of Superior Court held in DAVIDSON County.

Defendant Little delivered to his wife, the plaintiff, a demand promissory note, dated 8 February 1967, in the amount of $10,000. The note was signed under seal by Little in his individual capacity and also as an official of Grubb Oil Company.

Plaintiff brought this action to recover $6,000 allegedly due and owing on the note. Grubb Oil Company's motion for a directed verdict was allowed and the court submitted a single issue to the jury: "What amount, if any, is the plaintiff entitled to recover of the defendant, June C. Little?" The jury answered the issue "$6,000.00." Judgment was entered in accordance with the verdict and defendant Little appealed.

*Walser, Brinkley, Walser & McGirt by Walter F. Brinkley for plaintiff appellee.*

*Barnes and Grimes by Jerry B. Grimes for defendant appellant.*

GRAHAM, Judge.

Three of appellant's assignments of error raise the question of whether plaintiff proved that she gave any consideration for the subject note.

[1, 2] The note was a negotiable instrument and was under seal. Thus, a presumption of consideration was raised. 1 Strong, N.C. Index 2d, Bills and Notes, § 4. While this presumption is rebuttable as between the original parties or as to any person not a holder in due course, the burden of rebutting the presumption is on the defendant. *Trust Co. v. Smith Crossroads, Inc.,* 258 N.C. 696, 129 S.E. 2d 116. The question of whether a defendant has carried this burden is for the jury unless the plaintiff's own evidence establishes the defense of a failure of consideration. See *Montague v. Womble,* 267 N.C. 360, 148 S.E. 2d 255.

[3] Plaintiff's evidence here did not establish a failure of consideration but was in fact sufficient to take the case to the jury, even without the benefit of any presumption. Plaintiff testified that a check for $10,000, made payable to her, was given to her by her husband who stated that it represented proceeds from the sale of a house which was owned by his

mother at her death. He said his mother had wanted plaintiff to have the money. Appellant then asked plaintiff to loan him the $10,000, stating that he would give her a demand note which would be as good as cash. Plaintiff endorsed the check and gave it to appellant and appellant gave her the note. Appellant later paid plaintiff $4,000 on the note but refused her demand for further payment.

Appellant denied that plaintiff surrendered anything in exchange for the note, and he testified that it was given to plaintiff so that she would have a claim against his business, Grubb Oil Company, in the case it failed.

Under the evidence presented the question of whether the note was given for sufficient consideration was for the jury. No exception was taken to the court's charge and we therefore presume that the court fairly and accurately presented defendant's contention that there had been a lack of consideration.

[4] Defendant's final assignment of error is directed to a statement interposed by the court during defense counsel's cross-examination of plaintiff. The court stated: "What is the use of all this? It doesn't have a thing in the world to do with the law suit."

Defendant contends this statement constituted a prejudicial comment upon the evidence by the trial judge. We disagree. The prohibition against expressions of opinion by a trial judge on the weight, importance or effect of the evidence, applies only to an expression of an opinion related to facts which are pertinent to the issues to be decided by the jury. *Kanoy v. Hinshaw*, 273 N.C. 418, 160 S.E. 2d 296; *McDonald v. McArthur*, 154 N.C. 11, 69 S.E. 684. The record here shows that the court's statement was in response to a series of irrelevant questions which had been propounded by counsel. It amounts to nothing more than a ruling that the questions were irrelevant. In the exercise of its rights to control and regulate the conduct of the trial, a court may on its own motion exclude or strike evidence which is wholly incompetent or inadmissible. *Greer v. Whittington*, 251 N.C. 630, 111 S.E. 2d 912.

No error.

Judges BROCK and VAUGHN concur.