CALVIN W. CHESSON, AS TRUSTEE IN BANKRUPTCY OF MODULAR CORPORATION OF AMERICA, A CORPORATION v. JAMES C. GARDNER AND WIFE, MARIE THOMAS GARDNER

No. 7626SC744

(Filed 6 April 1977)

**Bills and Notes § 20— no failure of consideration**

     The evidence supported the trial court's determination that there had been no failure of consideration for a promissory note executed by defendants where there was evidence that the note was under seal and was given as payment for shipping costs on modular units delivered by the payee to defendants' motel construction site.

APPEAL by defendants from *Falls, Judge.* Judgment entered 20 April 1976 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 16 February 1977.

Plaintiff is the trustee in bankruptcy of Modular Corporation of America (MCA). He brought this action to recover on a promissory note executed by defendants to MCA.

Defendants admitted they executed the note and that it had not been paid. They alleged, however, that there had been a failure of the consideration of which the note was given.

The case was tried by the judge without a jury and judgment for the plaintiff was entered.

*Cole & Chesson, by Calvin W. Chesson, for plaintiff appellee.*

*Biggs, Meadows, Batts and Winberry, by Charles B. Winberry, for defendant appellants*

VAUGHN, Judge.

The judge's findings of fact are comparable to the verdict of a jury. They are conclusive on appeal if there is any competent evidence to support them. *Trust Co. v. Gill, State Treasurer*, 286 N.C. 342, 211 S.E. 2d 327.

The note in question was a negotiable instrument and was under seal. The judge was, therefore, faced with a presumption of consideration. The burden of rebutting that presumption was on defendants. Whether defendants carried that burden was for the trier of the facts. *Little v. Oil Co.*, 12 N.C. App. 394, 183 S.E. 2d 290. The weight of the evidence is for the judge and he can fail to find facts in favor of a party even though there is evidence to support such favorable findings.

The presumption of consideration is bolstered by plaintiff's evidence:

On 15 February 1973, MCA and the defendant James C. Gardner, entered into a contract whereby MCA agreed to sell him a number of modular motel rooms and set them in place at a motel site in Virginia where Gardner was constructing a motel. In addition to the fixed price for each motel room, the contract called for Gardner to pay a delivery charge of $223.00 for each room. Plaintiff's evidence tends to show that all of the units had been delivered to the site by the end of August, 1973. Plaintiff's evidence further tends to show that MCA was paid the full contract price for the modular units, including the final five percent that was due only after final inspection and approval by defendants. That final payment was made in November, 1973. The project was being financed by a Virginia lender. When MCA submitted a bill for shipping charges there were not enough project funds available from the lender to pay that bill. Work on the project had been stopped because funds from the lender were not available. On 27 December 1973, defendants executed the note that is the subject of the lawsuit as payment for the unpaid part of the shipping cost. Subsequently, the lender foreclosed on the motel property and MCA went into bankruptcy.

Defendant Gardner testified that, according to his recollection, the note was given in settlement of the balance due on the contract and for some additional units that were purchased. If the note was given in payment of the shipping charges he

could not remember that fact. He argued that in August, 1974, he did testify in bankruptcy court that he would pay the note when due, if he was financially able to do so. He also offered the testimony of a construction engineer who inspected the property in April, 1974, after the foreclosure. The engineer's testimony tended to show that the modular units were poorly constructed.

The court made findings of fact, based on competent evidence, in favor of plaintiff. The findings are, therefore, conclusive on appeal. The findings of fact support the conclusion of law. The judgment, therefore, is affirmed.

Affirmed.

Judges MORRIS and MARTIN concur.