HORACE WELLS v. JERRY C. BAREFOOT AND WIFE SYBIL S. BAREFOOT

No. 8126DC405

(Filed 2 February 1982)

1. **Uniform Commercial Code § 3— effective date of transactions covered by the U.C.C.**

   A 16 May 1966 transaction in which defendants gave plaintiff a promissory note and deed of trust was not covered by the Uniform Commercial Code as G.S. Chapter 25 applies only to transactions entered into after 30 June 1967.

Wells v. Barefoot

2. **Bills and Notes § 4— promissory note—seal—consideration**

Where plaintiff presented evidence that a promissory note executed to plaintiff by defendants contained the seal of its two makers, plaintiff's evidence was sufficient to take the case to the jury on the issue of consideration, and the trial judge erred in directing a verdict for a defendant on the theory that "there was no consideration on the note."

3. **Bills and Notes § 17— promissory note—under seal—partial payment on note—statute of limitations runs from partial payment**

Where plaintiff presented evidence that defendants executed a note under seal in 1966; that in 1969 plaintiff made a demand on both defendants for payment on the note and that one defendant made a payment on the note, the evidence was sufficient to raise an inference that the payment was authorized or ratified by the other defendant. Further, the evidence was sufficient to raise an inference that defendants recognized the debt as existing when they made the partial payment and such payment started the running of the statute of limitations anew. G.S. 1-15, 1-46, 1-47(2), and 1-27(a).

APPEAL by plaintiff from *Bennett, Judge.* Judgment entered 8 December 1980 in District Court, MECKLENBURG County. Heard in the Court of Appeals on 7 December 1981.

This appeal arises from a civil action to recover the balance due on a promissory note. At trial, plaintiff presented evidence which tended to show the following:

In 1965, plaintiff loaned defendant Jerry Barefoot $5000 with the understanding that Mr. Barefoot would repay the loan within a year. Before a year had elapsed, Mr. Barefoot paid to plaintiff $2250 of the loan. In May of 1966, Mr. Barefoot approached plaintiff and asked for additional time to repay the loan and offered to give plaintiff a promissory note evidencing the debt and a deed of trust, on property allegedly owned by defendants Mr. and Mrs. Barefoot, securing the note. On 16 May 1966, defendants gave plaintiff the promissory note and deed of trust. The note was sealed, was signed by both defendants, was dated 16 May 1966, was in the amount of $2850 plus interest, and was due and payable on demand. Plaintiff "made demands on Mr. and Mrs. Barefoot on this note, and they made one payment on it, in the amount of $350.00" on 10 November 1969. No further payments were ever made by defendants.

On 29 November 1978, plaintiff instituted this action to recover the balance of the promissory note. At the close of plaintiff's evidence, defendants' motions for directed verdict were allowed.

Plaintiff appealed.

*Warren D. Blair and Richard A. Cohan for plaintiff appellant.*

*Weinstein, Sturges, Odom, Groves, Bigger, Jonas & Campbell, by T. LaFontine Odom and L. Holmes Eleazer, Jr., for defendant appellees.*

HEDRICK, Judge.

Plaintiff contends the trial court erred in allowing defendants' motions for directed verdict. A defendant's motion for directed verdict presents the question

> whether all the evidence, which supports the plaintiff's claim, when taken as true, considered in the light most favorable to the plaintiff and given the benefit of every reasonable inference in the plaintiff's favor which may legitimately be drawn therefrom is sufficient for submission to the jury. Contradictions, conflicts and inconsistencies in the evidence must be resolved in plaintiff's favor in determining the sufficiency of the evidence to withstand a motion for directed verdict.

*Tripp v. Pate,* 49 N.C. App. 329, 332-33, 271 S.E. 2d 407, 409 (1980). The record in the present case reveals that defendant Jerry Barefoot based his motion for directed verdict on the specific ground that he received no consideration for giving plaintiff the note dated 16 May 1966. Defendant Sybil Barefoot based her motion on the specific ground that the $350 payment made on 10 November 1969 did not toll the statute of limitations as to her. The record further discloses that in granting defendants' motions for directed verdict, the court adopted the grounds argued by defendants. Hence, in reviewing the propriety of the respective directed verdicts, the inquiry on appeal is limited to determining whether there was sufficient evidence of consideration and of a tolling of the statute of limitations.

[1] The 16 May 1966 transaction at issue in this case is not covered by the Uniform Commercial Code, the present G.S. Chapter 25, since that chapter applies only to transactions entered into after 30 June 1967. *See* G.S. § 25-10-101; *Yates v. Brown,* 275 N.C. 634, 642, 70 S.E. 2d 477, 483 (1969).

[2] Proof that a note was executed under seal raises a presumption of good and sufficient consideration; this rule applies whether

the instrument is non-negotiable, *Royster v. Hancock*, 235 N.C. 110, 112, 69 S.E. 2d 29, 30 (1952); *Honey Properties, Inc. v. City of Gastonia*, 252 N.C. 567, 571, 114 S.E. 2d 344, 347 (1960); *McGowan v. Beach*, 242 N.C. 73, 77, 86 S.E. 2d 763, 766 (1955); *Basketeria Stores, Inc. v. Public Indemnity Co.*, 204 N.C. 537, 538, 168 S.E. 822, 823 (1933), or is negotiable and governed, as would be the case here, by the law applicable to negotiable instruments executed before the 30 June 1967 effective date of the Uniform Commercial Code. *Wachovia Bank & Trust Co. v. Smith Crossroads, Inc.*, 258 N.C. 696, 697, 129 S.E. 2d 116, 116 (1963); *Mills v. Bonin*, 239 N.C. 498, 501, 80 S.E. 2d 365, 367 (1954); *see also* § G.S. 25-10-101; *Yates v. Brown, supra*; G.S. § 25-10-102(2), -1-103. When the presence of a seal raises such a presumption, the plaintiff has discharged his burden of producing evidence on the issue of consideration. *See State v. Williams*, 288 N.C. 680, 687, 220 S.E. 2d 558, 564-65 (1975); 2 Stansbury's N.C. Evidence § 218 (Brandis rev. 1973). The defendant may rebut this presumption of consideration, but has the burden to do so. *Little v. Grubb Oil Co.*, 12 N.C. App. 394, 395, 183 S.E. 2d 290, 291 (1971). "The question of whether a defendant has carried this burden is for the jury unless the plaintiff's own evidence establishes the defense of failure of consideration." *Little v. Grubb Oil Co., supra* at 395, 183 S.E. 2d at 291; *see also Chesson v. Gardner*, 32 N.C. App. 777, 778, 233 S.E. 2d 668, 668 (1977). A presumption not only discharges the proponent's burden of producing evidence, but also throws upon the other party the burden of producing evidence that the presumed fact does not exist. *State v. Williams, supra*; 2 Stansbury's, *supra*. If the other party produces no such evidence or proffers evidence insufficient for that purpose, the party against whom the presumption operates will be subject to an adverse ruling, by the judge, directing the jury to find in favor of the presumed fact if the basic fact is found to have been established. *State v. Williams, supra*; 2 Stansbury's, *supra*. A presumption merely fixes on the opponent the burden of producing evidence, and leaves the burden of the issue unaffected. *State v. Williams, supra*; 2 Stansbury's, *supra*.

In the present case, plaintiff presented evidence that the promissory note contained the seal of its two makers, Jerry and Sybil Barefoot. Thus, plaintiff's evidence was sufficient to take the case to the jury on the issue of consideration, and the trial

judge erred in directing a verdict for defendant Jerry Barefoot on the theory that "there was no consideration on the note."

[3] With respect to whether plaintiff's claim against defendants was barred by the statute of limitations, it is to be noted that the statute of limitations for an action upon a sealed instrument is ten years. G.S. §§ 1-15, -46, -47(2). The statute of limitations on an action on a promissory note payable on demand begins to run from the date of the execution of the note. *Caldwell v. Rodman*, 50 N.C. 139, 140-41 (1857); *Causey v. Snow*, 122 N.C. 326, 329, 29 S.E. 359, 360 (1898); *see also Shields v. Prendergast*, 36 N.C. App. 633, 634, 244 S.E. 2d 475, 476 (1978).

In *United States Steel Corp. v. Lassiter*, 28 N.C. App. 406, 408, 221 S.E. 2d 92, 94 (1976), Judge Britt, writing for this Court, said, "It is well-settled in this jurisdiction that each payment made on a current account starts the running of the statute of limitations anew as to all items not barred at the time of payment." The limitations period on an action on a promissory note will begin anew when a partial payment *nothing else appearing* is made by the debtor before the limitations period has expired. *See Whitley's Electric Service, Inc. v. Sherrod*, 293 N.C. 498, 507-08, 238 S.E. 2d 607, 613-14 (1977).

Although defendant Jerry Barefoot made no contention in the trial court that plaintiff's claim against him was barred by the statute of limitations, he does argue in this Court, citing *Bryant v. Kellum*, 209 N.C. 112, 182 S.E. 708 (1935), that the payment by him of $350 did not start the statute of limitations running anew. Defendant Sybil Barefoot, citing G.S. § 1-27(a), argues that the payment of $350 by her husband did not toll the running of the statute of limitations with respect to plaintiff's claim against her.

G.S. § 1-27(a) provides:

After a cause of action has accrued on any obligation on which there is more than one obligor, any act, admission, or acknowledgment by any party to such obligation . . . , which removes the bar of the statute of limitations or causes the statute to begin running anew, has such effect only as to the party doing such act or making such admission or acknowledgment, and shall not renew, extend or in any manner impose liability of any kind against other parties to such obligation who have not authorized or ratified the same.

With respect to the payment of the $350, plaintiff testified, "I made demands on Mr. and Mrs. Barefoot on this note, and they made one payment on it, in the amount of $350.00. That payment was made on November 10, 1969." Although the evidence tends to show that the husband actually paid the $350 to the plaintiff, we believe that when all the evidence is considered in the light most favorable to the plaintiff, it is sufficient to raise an inference that the payment was authorized or ratified by the wife. Thus, the directed verdict for defendant Sybil Barefoot on the grounds that plaintiff's claim was barred by the statute of limitations must be reversed.

In *Bryant v. Kellum, supra* at 113-14, 182 S.E. at 709, our Supreme Court held that a debtor's payment of $10 on a $500 obligation well after the limitations period had expired would not prevent the bar of the statute of limitations absent evidence that the debtor made the payment "under such circumstances as will warrant the clear inference that the debtor recognizes the debt as then existing and his willingness or, at least, his obligation to pay the balance." *Bryant* has no application in the present case. In *Bryant*, the limitations period had already expired when the $10 payment was made. Here, plaintiff presented evidence that the $350 payment was made prior to the running of the statue of limitations, and such payment would have tolled the statute of limitations on 10 November 1969. Considering plaintiff's evidence in the light most favorable to him, his claim would not be barred by the statute of limitations, since his complaint was filed on 29 November 1978. Assuming arguendo that *Bryant* had application in the present case, we believe the evidence was sufficient to raise a clear inference that defendants recognized the debt as then existing and recognized their willingness, or at least, their obligation to pay the balance.

We hold that the trial court erred in directing a verdict for the defendants, and the cause must be remanded to the district court for a new trial.

Reversed and remanded.

Chief Judge MORRIS and Judge MARTIN (Robert M.) concur.