LAYTON BAILEY, LYNN AND SHARON BARTLEY, FEDERICK AND DIANE BERNARD, PAUL BLYSTONE, YVONNE H. DANCE OR JOE DANCE CO-TRUSTEES U/T/D AUGUST 26 1996 F/B/O YVONNE H. DANCE, JAMES HALLIGAN, CHARLES HINDERS, TOM AND LINDA McGURN, HARRY PARDEE, JOHN RILEY, BOB AND LEE SCHENKE, PAUL C. AND KATHRYN M. TUCKER AS TRUSTEE OF KATHRYN M. TUCKER REVOCABLE LIVING TRUST, HENRY AND ROSEYLN G. BRYANT, JAMES AND SHARON P. JOHNSON, MYRON AND T. LOFFER, RICHARD AND SYBIL S. MURPHY, WILLIAM AND BARBARA O. SMITH, CHARLES WEBB, and WILLIAM AND KATE L. SEBATYN, Plaintiffs,
v.
THE TOWN OF MAGGIE VALLEY, Defendant.
No. COA08-123
Court of Appeals of North Carolina
Filed October 21, 2008
This case not for publication
Adams Hendon Carson Crow & Saenger, P.A., by George Ward Hendon and Matthew S. Roberson, for plaintiffs-appellants.
Van Winkle, Buck, Wall, Starnes and Davis, P.A., by Esther E. Manheimer, for defendant-appellee.
WYNN, Judge.
Under section 160A-314 of the North Carolina General Statues, a municipality may adopt different rate schedules for services provided outside the corporate limits of the municipality. Here, Plaintiffs argue that the trial court erred in granting summary judgment in favor of Defendant, the Town of Maggie Valley, because it charged them for sewer service at unreasonable rates and on an unreasonable basis. Because Maggie Valley was within its discretion to set the sewer service rate and to set a different rate than what was charged inside Maggie Valley limits, we affirm.
Brannon Forest is a residential neighborhood located in Haywood County near Maggie Valley. All but three of the Plaintiffs, Robert and Lee Schenke and Charles Webb, own real property in Brannon Forest.[1] Due to the location of Brannon Forest, it is difficult, and in some cases impossible, to install septic systems for sewage disposal. As a result of this difficulty, in 1998 the developer of Brannon Forest entered into an agreement with Maggie Valley whereby Maggie Valley would provide sewer service and the developer would, upon request of Maggie Valley, execute an agreement to annex all of its property into Maggie Valley.
As the developer sold the individual lots in Brannon Forest, the purchasers, including all but four Plaintiffs, signed individual sewer agreements with Maggie Valley. The sewer agreements were virtually identical and provided that Maggie Valley would allow the property owner to connect to its public sewer system "under the customary policies and procedures of Town and in accordance with all applicable statutes, cases, rules, laws and regulations relating to the provisions of sewer service." Additionally, the agreements provided that once the property meets the requirements for annexation, upon the request of Maggie Valley, the property owner "agrees to petition for annexation." If the property owner did not petition for annexation within thirty days of receiving a request from Maggie Valley, Maggie Valley would no longer allow the property owner to connect to its sewer system.
In 2004, Maggie Valley requested that Plaintiffs file petitions for annexation. All but two Plaintiffs, Paul Blystone and John Riley, failed to file annexation petitions. Maggie Valley has continued to provide sewer service to Plaintiffs.
Between June 2001 and July 2006, Maggie Valley increased sewer service for non-annexed residents of Brannon Forest from $31.00 per month for a three-bedroom home, to $116.00 per month. On 10 January 2006, Plaintiffs filed a complaint against Maggie Valley arguing that the sewer rates "are discriminatory against the Plaintiffs in that their rates increased in excess of one hundred percent from the previous year[.]"
On 16 April 2007, Maggie Valley filed a motion for summary judgment. The trial court held a hearing and granted Maggie Valley's motion by order filed 19 September 2007. After additional parties were joined in the action as necessary plaintiffs pursuant to a consent order, Maggie Valley moved for summary judgment as to the joined parties. In another order filed on 19 September 2007, the trial court granted Maggie Valley's motion for summary judgment as to the joined parties. In a letter addressed to the parties analyzing the issues, the trial court stated that Maggie Valley "has no legal obligation to provide sewer services to anyone outside Maggie Valley limits[,]" therefore, the "plaintiffs who signed the individual contracts with [Maggie Valley] are bound by the terms of those contracts." Additionally, the trial judge found that Maggie Valley was not discriminatory in setting its rates because "[t]here is no allegation that the plaintiffs, as non-residents, are being asked to pay a rate different from any other non-resident" of Maggie Valley.
On appeal, Plaintiffs argue (I) the trial court erred by granting summary judgment and (II) Maggie Valley's use of exorbitant sewer rates deprived them of a vested right to receive sewer service at a reasonable rate and constitutes de facto annexation.

I.
Plaintiffs first argue the trial court erred by granting summary judgment because the material facts and evidence showed that Maggie Valley charged them for sewer service at unreasonable rates and on an unreasonable basis. We disagree.
The standard of review for a motion for summary judgment is "whether there is any genuine issue of material fact and whether the moving party is entitled to a judgment as a matter of law." Bruce-Terminix Co. v. Zurich Ins. Co., 130 N.C. App. 729, 733, 504 S.E.2d 574, 577 (1998). We review the evidence in the light most favorable to the non-movant. Id. Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C. Gen. Stat. § 1A-1, Rule 56(c) (2007).
Pursuant to our General Statutes:
A city may establish and revise from time to time schedules of rents, rates, fees, charges, and penalties for the use of or the services furnished by any public enterprise. Schedules of rents, rates, fees, charges, and penalties may vary according to classes of service, and different schedules may be adopted for services provided outside the corporate limits of the city.

N.C. Gen. Stat. § 160A-314(a) (2007) (emphasis added).
In Fulghum v. Town of Selma our Supreme Court held:
A municipality which operates its own waterworks is under no duty in the first instance to furnish water to persons outside its limits. It has the discretionary power, however, to engage in this undertaking. . . . [The municipality] retains the authority to specify the terms upon which nonresidents may obtain its water. In exerting this authority, it `may fix a different rate from that charged within the corporate limits.'
238 N.C. 100, 104-05, 76 S.E.2d 368, 371 (1953) (citations omitted); see also Atlantic Const. Co. v. City of Raleigh, 230 N.C. 365, 368-69, 53 S.E.2d 165, 168 (1949) ("[S]ince it is optional with a city as to whether or not it will furnish water to residents outside its corporate limits and permit such residents to connect their sewer facilities with the sewerage system of the city, or with any other sewerage system which connects with the city system, it may fix the terms upon which the service may be rendered and its facilities used.").[2] Additionally, the relationship between a municipality and a nonresident outside of its corporate limits is contractual, and "in the absence of any constitutional or statutory restriction, the rates and fees that may be charged to such residents in connection with the use of its public utilities, are matters that may be determined by its governing body in its sound discretion." Atlantic Const. Co., 230 N.C. at 369, 53 S.E.2d at 168-69.
Plaintiffs argue that Maggie Valley discriminated against Brannon Forest residents by charging unreasonable rates for sewer service. However, there is no dispute that Plaintiffs' properties, with the exception of Paul Blystone's and John Riley's properties which were annexed into Maggie Valley, are located outside of Maggie Valley's limits. Therefore, pursuant to section 160A-314 and our case law, Maggie Valley was within its discretion to set the sewer service rate and to set a different rate than what was charged inside Maggie Valley's limits. See id., N.C. Gen. Stat. § 160A-314. Accordingly, we affirm the trial court's grant of summary judgment to Maggie Valley.

II.
In their next assignments of error, Plaintiffs argue that Maggie Valley's use of exorbitant sewer rates deprived them of a vested right to receive sewer service at a reasonable rate and constitutes de facto annexation, as the purpose was to force Brannon Forest residents to submit to voluntary annexation. Regarding the de facto annexation argument, Plaintiffs specifically argue that the condition in the individual sewer agreements requiring property owners to submit an application for annexation was invalid. However, "[a] contention not raised in the trial court may not be raised for the first time on appeal." Town of Chapel Hill v. Burchette, 100 N.C. App. 157, 159-60, 394 S.E.2d 698, 700 (1990); see also N.C. R. App. P. 10(b)(1) ("In order to preserve a question for appellate review, a party must have presented to the trial court a timely request, objection or motion, stating the specific grounds for the ruling the party desired the court to make if the specific grounds were not apparent from the context.").
Plaintiffs' complaint states that the increase in sewer rates was "an attempt to tax the Plaintiffs and/or force annexation[.]" However, Plaintiffs' vested rights argument and argument that the condition in the individual sewer agreements was invalid are absent in Plaintiffs' pleadings and evidence contained in the record. Additionally, the trial court did not address either argument in its 14 May 2007 letter explaining summary judgment. Regarding contractual issues raised by the parties, the trial court merely stated, "I don't think that I am required to answer the question of whether the plaintiff's have breached their individual contracts by not filing for annexation." Because it appears from the record that Plaintiffs failed to raise these two arguments in the trial court, these assignments of error are dismissed.
Affirmed in part, dismissed in part.
Chief Judge MARTIN and Judge HUNTER concur.
Report per rule 30(e).
NOTES
[1] We note that these three Plaintiffs, along with Paul Blystone and John Riley who were voluntarily annexed into Maggie Valley, were dismissed from the case with prejudice as their claims were deemed moot.
[2] Plaintiffs correctly note that Fulghum v. Town of Selma, 238 N.C. 100, 76 S.E.2d 368 (1953), and Atlantic Const. Co. v. City of Raleigh, 230 N.C. 365, 53 S.E.2d 165 (1949), predate the adoption of section 160A-314 in 1971; however, the statutes cited in those cases contain similar language to that of section 160A-314.