Nash, C. J.
 

 The question presented to the Court in this case, arises under the statute of limitations, which is pleaded by the defendant, and which provides that all actions on the case shall be brought within three years next after the cause of action accrued. The only question for us, is as to the time when the plaintiff’s cause of action accrued. The note in question is made payable on demand, and is dated the 8th of May, 1849. The writ issued on 30th of <. October, 1854. The defendant contends that the plaintiff’s cause of action arose immediately upon the execution of tire note ; of which opinion was the Court below, and in which we concur. Parties in making their contracts hav^ a right to stipulate for such terms as they agree upon — to specify when, whore, and how, the contract is to be performed. If no time or place is designated for the payment of money, as in a promissory note payable on demand, no special demand is necessary, but the money is payable immediately ; Chitty on .dills, 209. The case of
 
 Norton
 
 v.
 
 Ellan,
 
 2 Meeson and Wellsby’s Exchr. Rep. 460, is directly in point. The note there v,,-.s as follows, “I promise to pay £400, on demand, with lawful interest.” The statute was plea le 1. liaron Pas:: says, “I entertain no doubt at all on this point. It is the samo as money lent, payable on request, wiih interest, where no demand is necessary before bringing the action. The debt which constitutes the cause of action arises immediately on the loan. It is quite clear that a promissory note, payable on demand, is a
 
 present
 
 debt, and is payable without any demand, and the statute begins to run from the date of it.” I.
 
 Little
 
 v. Blunt, 9 Pick. Rep. 488, the same doctrine is recognised, and so in
 
 Newman
 
 v. Kittelle, 13 Pick. 418. In tiffs State the same principle was recognised as far back as 1798. See the opinion of Judge
 
 *141
 
 Haywood in
 
 Freeland, assee,
 
 v. Edmunds, 2 Battle's, Haywood’s Rep. 218, and
 
 Lewis
 
 v.
 
 Lewis,
 
 same book, 191. Where monev is payable on d.rnand, and no particular time specified for iis payment, it in payable immediately wh limit demand. Mr. Angel, p. x 1, sec. 95, states,
 
 “ It
 
 has been invariably held, that it* a ■■ omissory note is made payable in mono,'., on demand, &e : a..ute commences running from the date m' the note, and :u. special demand is necessary. See also
 
 tle v. Dunlo
 
 p usb. Rep. 40. The foundaiion of the princ. de is, that the e.vioation '.if tb.o note, or th.e borrowing of mo.iey, where no ;i ne for the p:y\ ment is specified, creates a present debt, upon which an ac'ion can be brought immediately. In this case, as an action could have been brought upon :he note on 8íh of Hay, 1 8.' my in the language of the act,
 
 a, cause of action
 
 upon it. the'
 
 -.•a rued;
 
 the statute runs from that time, and the bar is ce ¡■■■hue. It is to be remarked, that the principle we have ’ sen considering, does not apply to a promise of a collate:'! nature, where no debt is created, until its performance; as .> ; a promise to deliver goods on demand, or to pay money wi 'hin a limited time after demand, and other like cases.
 

 On behalf of the plaintiff, li'i-wwor, it is contended that the act of Assembly passed in the ye w 1336, alters the common-law rule above s'Aod, and makes notes payable on demand, to be
 
 due
 
 on demand. The 5th sec. of the 13th chap, of the Revised Statutes, 'passed in loll':, is as follows : “All bills, bonds, or notes, m./!e payable on demand, shall beheld and deemed to be due on demand,
 
 madehj
 
 the creditor, &c., and shall bear ínteres! born the time of the demand.”
 

 There would be much ground for the objection, if it were not for the alteration mude in this provision by the Legislature in the act of 185(3 The 5th sec. of the 18th ch. of the Revised Code, makes a most material alteration in that section of the act of 18513. i ly the act of 1850, bills, bonds, and notes, payable on doman:!, are made to be due when
 
 demand-adle
 
 by the creditor, and shall bear interest from the time they are
 
 demandadle
 
 — thereby restoring the common law in this
 
 *142
 
 particular. We have seen, that when a promissory note is made payable on demand, the money secured is immediately due, and is-therefore deman dable by the creditor. But these acts were passed for the purpose of regulating the time as to the payment of interest, and were not intended to operate or alter the law as to the power or right of the creditor to bring his action. The cases referred to in Meeson and Wellsby, and 9th and 13 Pickering, establish the principle that the contract providing for the payment of interest, makes no difference. There is no error.
 

 Per Curiaii, Judgment affirmed.