SARAH T. KNAPP, Plaintiff, *v.* ESTHER E. GREENE, Defendant.

*Liability of the maker of a note payable on demand after three months' notice — no condition precedent — Statute of Limitations.*

Upon the trial of an action brought upon a promissory note, it was shown that on April 2, 1880, John E. McAlpine had borrowed $600 from Sarah T. Knapp (then Tammie S. Spencer), to secure the payment of which amount the following note was given:

" $600.                  HILLSDALE, *April* 2, 1880.

" On demand, after three months' notice, for value received, we, or either of us, promise to pay to the order of Tammie S. Spencer, the sum of six hundred dollars, with interest from date.

"And I, Esther E. Greene, do hereby charge my sole and separate estate with the payment thereof.

            " ESTHER E. GREENE.
            " JOHN E. McALPINE."

Nothing further occurred between the parties until September 24, 1891, when the following notice was served upon Esther E. Greene:

            " Dated *September* 24*th*, 1891.

" To Mrs. ESTHER E. GREENE :

" You will please take notice that three months after the service of this notice upon you you will be required to pay the amount due for principal and interest on the promissory note to my order, and held by me, and made by you and John E. McAlpine.

            "SARAH T. KNAPP."

Thereafter the action was commenced by Sarah T. Knapp against Esther E. Greene.

*Held,* that the liability of Esther E. Greene upon such note, as distinguished from the right of Sarah T. Knapp to sue thereon, did not depend upon the performance of a condition precedent ;

That the words " on demand " had a precise legal meaning, and did not limit the obligation to pay presently, but were used to show that the debt was due ;

That the Statute of Limitations runs against a note payable on demand whether with or without interest ; and the expression " on demand " was not so qualified by the words "after three months' notice," which immediately followed the same, as to take the contract out of the general rule with regard to demand notes ;

That an action on the note was barred by the Statute of Limitations.

MOTION by the plaintiff, Sarah T. Knapp, for a new trial on a case containing exceptions, ordered to be heard at the General Term in the first instance, upon the decision of the court dismissing the plain-

tiff's complaint directed on the 23d of April, 1894, after a trial at the New York Circuit before the court and a jury.

It appeared on the trial that Tammie S. Spencer was married after the date of the note and thus acquired the name of Sarah T. Knapp.

*George H. Pettitt*, for the plaintiff.

*Jacob F. Miller*, for the defendant.

BARRETT, J. :

The sole question here is whether the note in suit was barred by the Statute of Limitations. The note is in the following form:

" $600. HILLSDALE, *April* 2, 1880.

" On demand, after three months' notice, for value received, we, or either of us, promise to pay to the order of Tammie S. Spencer the sum of six hundred dollars, with interest from date.

" And I, Esther E. Greene, do hereby charge my sole and separate estate with the payment thereof,

" ESTHER E. GREENE,<br>" JOHN E. McALPINE."

This note was given for $600 which John E. McAlpine borrowed from the plaintiff upon the day it bears date. The defendant signed the note to enable him to borrow the money.

Nothing further occurred between the parties until the 24th of September, 1891, when the following notice was served upon the defendant:

" Dated *September 24th*, 1891.

" To Mrs. ESTHER E. GREENE :

" You will please take notice that three months after the service of this notice upon you you will be required to pay the amount due for principal and interest on the promissory note to my order, and held by me, and made by you and John E. McAlpine.

" SARAH T. KNAPP."

Upon this state of facts the learned judge at Circuit held that the Statute of Limitations had run against the note, and the plaintiff's complaint was accordingly dismissed.

We think this disposition of the case was correct. The defendant's liability, as distinguished from the plaintiff's right to sue, did

not depend upon the performance of a condition precedent. The money was borrowed, and the note was given to evidence the fact. The words " on demand" have a precise legal meaning. They do not limit the obligation to pay presently, but are used to show that the debt is due. ( *Wenman* v. *Insurance Co.*, 13 Wend. 267.) And the statute runs against a note payable on demand, whether with or without interest. ( *Wheeler* v. *Warner*, 47 N. Y. 519; *Mills* v. *Davis*, 113 id. 243.) The only question here is whether the expression " on demand" is so qualified by the words " after three months' notice," which immediately follow, as to take the contract out of the general rule with regard to demand notes. This is a close question, but upon the whole we think not. The notice required, as was said in *Dickinson* v. *The Mayor* (92 N. Y. 591), " was a condition of maintaining the action and not an essential part of it, upon which the inception of a right is based and the cause of action founded."

Such, we think, was the intention of the parties, to be gathered from the peculiar phraseology of the note and the surrounding circumstances. The notice was for the benefit of the debtor, not for the benefit of the creditor. The debtor could at any time waive the notice and tender the debt and interest. The real object was to give the debtor a reasonable time to pay the debt before the creditor could charge him with the costs of a suit. In other words, the debt was due, but the creditor agreed to limit his right to sue presently.

Let us see where the opposite construction of the instrument would lead. The plaintiff contends that the note should be construed as though it read " three months after demand," and as though the demand and notice were conditions precedent to the existence of a cause of action. If that be so, then the holder of the note could postpone his right of action indefinitely, while the maker could never stop the running of interest or compel the acceptance of payment. As was said in *Palmer* v. *Palmer* (36 Mich. 490): " If there was any infirmity in the consideration, or any defect in the binding character of the obligation, he might retain it until all testimony was lost and defeat the defense. This is the mischief which the Statutes of Limitations were intended to remedy."

In this case of *Palmer* v. *Palmer*, it was held that if " a creditor has the means at all times of making his cause of action perfect, it

would be unjust and oppressive to hold that he could postpone indefinitely the time for enforcing his claim by failing to present it."

" He is really and in fact able," said the learned judge who delivered the opinion of the court, " at any time to bring an action when he can by his own act fix the time of payment. It is no stretch of language to hold that a cause of action accrues for the purpose of setting the statute in motion as soon as the creditor, by his own act and in spite of the debtor, can make the demand payable."

Substantially the same view was taken in *Morrison's Admr.* v. *Mullin* (34 Penn. St. 12); *Rhines* v. *Evans* (66 id. 194); *First National Bank of Garrettsville* v. *Greene, Admr.* (64 Iowa, 445); *Lower* v. *Miller* (66 id. 408); *Prescott* v. *Gonser* (34 id. 175).

The illustrations furnished by these cases help us to a reasonable construction of the instrument in question. They indicate with great clearness and force the evil consequences which would result from the construction given to it by plaintiff; consequences which the parties could never have foreseen and which would amount to a practical nullification of the statute.

These parties could not, in our judgment, have intended to permit the holder of the note to postpone its maturity as long as she chose to do so. Nor did they intend thus to evade the statute or in fact to prevent its running in the ordinary way.

The notice was seemingly an afterthought. It was not given, for upwards of eleven years after the borrowing of the money and the delivery of the note. If the plaintiff is right in her contention, the notice could just as well have been postponed for fifty years. In fact, indefinitely — the cause of action accruing only at her pleasure.

We cannot agree with this view of the contract. In our judgment, the statute had run against the note when the notice was given. It follows that the exceptions should be overruled and judgment ordered for the defendant, with costs.

PARKER, J., concurred; VAN BRUNT, P. J., concurred in the result.

Exceptions overruled and judgment ordered for defendant, with costs.