584

**UNITED STATES of America,**
**Plaintiff,**

v.

**Keith CAHOON, Modie Cahoon (Lake Landing, N. C.), Defendants.**

**Civ. No. 351.**

United States District Court
E. D. North Carolina,
Washington Division.

May 13, 1957.

Julian T. Gaskill, U. S. Atty., Raleigh, N. C., for plaintiff.

Grimes & Grimes, Washington, N. C., for defendants.

GILLIAM, District Judge.

This action with respect to Modie Cahoon was heard without jury and evidence for both parties was offered. Judgment by default against Keith Cahoon had been entered. Upon the evidence, the pleadings and stipulations, the Court finds the facts and reaches the conclusions now set out.

The defendant, Modie Cahoon, and the defendant, Keith Cahoon, for valuable consideration executed the two promissory notes described in the com-

plaint; they were joint makers, but defendant, Modie Cahoon, signed as accommodation maker, so that as between the two makers Keith Cahoon is primarily liable and Modie Cahoon is secondarily liable. There was default before the action was begun and there is now due on the two notes the principal amount of $4,973.06, with interest accrued through March 22, 1955 in the amount of $468.02, and interest on the principal balance at 5 percent from March 22, 1955, until paid.

Modie Cahoon, at the time she executed the notes, was a widow more than sixty-five years of age, of meagre education and no experience in business, though she could both read and write. Keith Cahoon, her son, is insolvent and if Modie Cahoon is held liable in this case her small farm of about fifty acres, which is all she has, will be taken, excepting her homestead right, though she signed for the sole purpose of trying to help her son and received no personal benefit from the transaction.

The case presents a sad picture but relief from the awful consequences of her act in undertaking to aid her son must be found, if at all, within the limits of applicable legal principles. It must be remembered that the plaintiff made the advancement of money and that plaintiff should be repaid unless the law itself decrees otherwise. The Court can only conclude that plaintiff should recover on the notes and Modie Cahoon's agreement.

 Defendant's counsel have argued strenuously that relief should be afforded for one of three reasons. First, it is contended that the evidence justifies a finding of intent to deceive the defendant by the Government's representative who procured the signatures to the notes and that she was actually deceived. But I find otherwise. It does not appear to me that the representative intended to deceive her or that he said or did anything calculated to deceive her. It is, perhaps, true that she did not fully realize the seriousness of what she was doing and that her execution of the notes

might mean the loss of her property. For this unfortunate situation the law gives no relief.

 Also, the defendant's counsel insist that I should find that Modie Cahoon was afraid of her son, Keith Cahoon, and executed the notes under duress. There is some evidence that the son had assaulted the mother and that she stood in fear of him, but the evidence fails to indicate that the United States, through its representative, had any knowledge of the fact of duress, if such be true. Besides, the evidence does not establish that actual duress existed.

 Finally, defendant's counsel argue that recovery should be denied to the United States because its agent before and at the time when Modie Cahoon signed the notes guaranteed her she would lose nothing thereby. During the trial evidence was offered and received over the Government's objection tending to prove that the representative did tell Modie Cahoon in effect that she would lose nothing, and, to back up his statement, said for every dollar she might have to pay he would pay ten. This evidence was not competent and I now strike it from the record. This is held in several North Carolina cases and many cases from other jurisdictions. In Kindler v. Wachovia Bank & Trust Co., 204 N.C. 198, 201, 167 S.E. 811, 812, the Court disposed of a similar contention in these words:

> "The indorsement of the plaintiff was neither special nor restrictive, nor qualified nor conditional. Can he release himself from the legal consequences of his indorsement by proof of a parol agreement with the defendant that by his indorsement he incurred no liability? * * * The indorsement itself imports liability. When a contract is reduced to writing parol evidence will not be heard to contradict, vary, or add to the written instrument."

Even if the evidence were considered, in my opinion, the Government would not be bound, for it is generally held that the Government is not bound by the

words or acts of its agent in the absence of his express authority. Such authority, of course, does not appear.

Judgment accordingly is being entered.