NATIONAL COMMERCIAL BANK AND TRUST COMPANY, Respondent, *v.* BART BOAT COMPANY, INC., Appellant. (Action No. 1.)

NATIONAL COMMERCIAL BANK AND TRUST COMPANY, Respondent, *v.* A. ALBERT VERSACI, Appellant. (Action No. 2.)

Third Department, March 15, 1973.

*George J. Camino* for appellants.

*Vincent E. Vicinanzo* for respondent.

COOKE, J. This is an appeal from an order of the Supreme Court at Special Term, entered June 23, 1972 in Montgomery County, which granted a motion by plaintiff for summary judgment against each defendant.

On June 14, 1971, defendant Bart Boat Company, Inc., by A. Albert Versaci, president, signed and delivered its promissory note in writing to the order of plaintiff in the amount of $50,000 with interest at 8½%, said note being due and payable on September 14, 1971. The note was secured by a pledge of all of Bart Boat Company's present and future inventory, equipment, and accounts receivable. Prior to the execution of this note and in conjunction with an earlier note which was renewed by the $50,000 note here in question, defendant Versaci executed and delivered his personal guarantee of all loans made by the plaintiff to defendant Bart Boat Company. **By**

terms of the note and by terms of the guarantee agreement, defendants agreed to pay attorneys' fees in an amount equal to 15% of the amount owing. Certain other terms and conditions were agreed upon by the parties which, if breached by the defendants, would constitute a default. On August 11, 1971 plaintiff, through its attorney, demanded immediate payment of the entire $50,000 on the ground that defendant Bart Boat Company had breached one of the conditions for continuing the loan, in that the aggregate of its accounts receivable and inventory had fallen below the required amounts agreed upon. On August 20, 1971 Bart Boat Company paid $25,000 to plaintiff as part payment on this note, the balance being due on September 14, 1971. On August 23, 1971 plaintiff offered to convert the $25,000 balance owing to a demand loan with no principal payments due until July 1, 1972, interest payable quarterly, which offer was not accepted. On September 14, 1971 plaintiff sent another letter to defendants with a renewal demand note in the amount of $25,000 enclosed, and no action being taken by defendants, on October 5, 1971, plaintiff demanded full payment of the original loan balance. Following this time, defendant Versaci executed the proposed renewal note and returned the same to plaintiff along with the signed acceptance copy of plaintiff's letter of August 23; however, plaintiff refused to accept either instrument and returned them to Versaci on the same day. No payment on the balance was made by defendants, and on October 15, 1971, plaintiff commenced this action by serving a summons with notice and then moving for summary judgment in lieu of a complaint, pursuant to CPLR 3213. The motion was granted and the court gave judgment against both defendants in the sum of $23,415.69 plus interest at 8½% from October 20, 1971, plus 15% of the amount due as attorneys' fees.

Defendants' contention that there are triable issues of fact which preclude the granting of summary judgment is based on the existence of an alleged oral agreement of August 20, 1971, whereby plaintiff agreed that if defendants would make an advance payment on the $50,000 note, then plaintiff would issue another note, requiring no principal payments until July, 1972, and would release defendants from all liability under the original note. Although plaintiff did, on two occasions, send a renewal note to defendants, this note was signed and accepted only after plaintiff had revoked its offer of renewal and demanded payment of the original note. Consequently, there being no written agreement between the parties, the only defense

available to defendants is that the alleged oral agreement was a modification of the time of payment of the original note. In order to be valid, such an agreement must be supported by sufficient consideration, and part payment on a note which is due does not fulfill this requirement (*Parmelee* v. *Thompson*, 45 N. Y. 58; *Briggs Lbr. Co.* v. *Friedman*, 37 A D 2d 786, 787; 41 N. Y. Jur., Negotiable Instruments, § 238, p. 431). In the instant case demand for payment of the note was made on August 11, 1971, seven days prior to part payment by defendants, the demand being properly made since defendant Bart Boat breached the condition that the amount of the loan was to be no more than 80% of the total of the inventory and accounts receivable. Since defendants were therefore legally bound to pay, the part payment by defendants was not adequate consideration to support an oral agreement to modify the time for payment, and defendants have no defense to the action on the note.

Defendants' further contention that a hearing should have been conducted to determine whether 15% attorneys' fees were reasonable is likewise without merit, and such fees were properly granted (*Messina* v. *Tannenbaum*, 37 A D 2d 1041).

The order should be affirmed, without costs.

HERLIHY, P. J., STALEY, JR., KANE and MAIN, JJ., concur.

Order affirmed, without costs.