■ Environics, Inc., Appellant-Respondent, v Robert G. Pratt, Respondent-Appellant.—Order, Supreme Court, New York County, entered on June 17, 1974, denying motions for summary judgment, unanimously modified, on the law, so as to grant defendant's cross motion for summary judgment dismissing the action, and otherwise affirmed, without costs and without disbursements. Plaintiff instituted this action on February 12, 1974 on a promissory note dated September 20, 1967 made by defendant and payable to plaintiff "thirty days after demand". The sole question before us is whether the cause was barred by the six-year Statute of Limitations. *Knapp v Greene* (79 Hun 264) involved a note requiring payment "On demand, after three months". The court held that recovery was time barred, and that the "defendant's liability, as distinguished from the plaintiff's right to sue, did not depend upon the performance of a condition precedent. * * * The

words 'on demand' have a precise legal meaning. They do not limit the obligation to pay presently, but are used to show that the debt is due" (pp 265–266). The court stated that the words "after three months' notice" which immediately followed the words "on demand" did not take the contract out of the general rule with regard to demand notes, i. e., that no demand is necessary to accrue the cause of action. The note herein, being payable "thirty days after demand", the holder was free to make his demand immediately. The notice was for the benefit of the debtor. The debtor could at any time waive the notice and tender the debt. The debt was due, but the creditor agreed to limit his right to sue presently. A note payable on demand after date, is due and payable on the day following its date without any prior demand. *(Rockland-Atlas Nat. Bank of Boston v Heller,* 3 AD2d 896; Uniform Commercial Code, §§ 3-122, subd [1], par [b] and 3-108; see Ann 71 ALR2d 284.) These parties could not have intended to permit the holder of the note to postpone its maturity as long as it chose to do so. As was said in *Knapp v Greene (supra,* p 267), "If the plaintiff is right in her contention [that demand and notice were conditions precedent to the existence of a cause of action], the notice could just as well have been postponed for fifty years. In fact, indefinitely—the cause of action accruing only at her pleasure." In our judgment, under the circumstances herein, the statute had run against the note. Plaintiff's reliance on CPLR 206 (subd [a]) is misplaced. The section provides that, except as provided in article 3 of the Uniform Commercial Code, where a demand is necessary to entitle a person to commence an action, the time within which the action must commence shall be computed from the time when the right to make the demand is complete. The right to make demand arose upon the making of the note and plaintiff's cause of action is, therefore, time barred. Concur—Markewich, J. P., Kupferman, Murphy, Nunez and Yesawich, JJ.