LINDA LEE SHIELDS, EXECUTRIX OF THE ESTATE OF JAMES L. SHIELDS v. CHARLES FITZ-HENRY PRENDERGAST

No. 7726DC461

(Filed 6 June 1978)

Bills and Notes § 17; Uniform Commercial Code § 25— demand note—statute of limitations

A note which stated that it was "due at request with 30 days notice" was a demand note; therefore, the statute of limitations began to run on the day the note was executed and barred an action on the note instituted more than three years after that date. G.S. 25-3-122(1)(b); G.S. 1-15.

APPEAL by plaintiff from *Sentelle, Judge.* Judgment entered 7 March 1977 in District Court, MECKLENBURG County. Heard in the Court of Appeals 8 March 1978.

Plaintiff, as executrix of the estate of James L. Shields, made a demand on 6 October 1975 of defendant for payment of $2,300.00 allegedly due on a note executed by defendant. Payment was not made, and on 28 November 1975, she brought this action on the note to recover the $2,300.00 plus interest from 3 February 1970. The note, not under seal, is as follows:

"$2,300.00                                        February 3, 1970

--- after date --- promise to pay to the order of James Shields

Two thousand three hundred & No/100 Dollars

Payable at _____

Value received 8%

                                        s/ CHARLES FITZ-HENRY PRENDERGAST

Due at request

with 30 days notice"

Defendant answered and asserted that the complaint failed to state a claim upon which relief could be granted and that the claim was barred by the Statute of Limitations. Later defendant moved for judgment on the pleadings. The motion was allowed and the action was dismissed.

*Howard & Bragg, by Carl W. Howard and Mary Jean Hayes, for plaintiff appellant.*

*Ervin, Kornfeld & MacNeill, by Winfred R. Ervin, Jr., for defendant appellee.*

VAUGHN, Judge.

If the note sued on is a demand instrument, a cause of action accrued against the maker on the date of the instrument, and consequently, the period of limitation began to run in favor of the maker on that date, 3 February 1970. G.S. 25-3-122(1)(b); G.S. 1-15; *Ervin v. Brooks*, 111 N.C. 358, 16 S.E. 240 (1892); *Caldwell v. Rodman*, 50 N.C. 139 (1857). In that event, the judge's conclusion that the suit was barred because it was not instituted within three years, would be correct.

By its terms the note is "Due At request" or payable on demand. Plaintiff contends that because of the inclusion of the term "with 30 days notice," it is not a demand instrument. We disagree. "The debt which constitutes the cause of action arises immediately on the loan. It is quite clear that a promissory note, payable on demand, is a *present debt* and is payable without any demand, and the statute begins to run from the date of it." *Caldwell v. Rodman, supra.* "Instruments payable on demand include . . . those in which no time for payment is stated." G.S. 25-3-108. No time for payment is stated in the note in question, and it is, therefore, payable on demand. The provision for 30 days notice did not postpone the date upon which the period of limitation would begin to run. In *Knapp v. Greene*, 79 Hun. 264, 29 N.Y.S. 350 (1894), a New York court held that when a note was payable "on demand after three months' notice" the Statute of Limitations began to run on the day the note was executed. The court said:

"The real object [of the notice provision] was to give the debtor a reasonable time to pay the debt before the creditor would charge him with the costs of a suit . . . . 'If there was any infirmity in the consideration, or any defect in the binding character of the obligation, he might retain it until all testimony was lost, and defeat the defense. This is the mischief which the statute of limitations was intended to remedy.' "

29 N.Y.S. at 351 (quoting *Palmer v. Palmer*, 36 Mich. 488, 490 (1877)).

In a more recent New York case, suit was brought on a note payable "thirty days after demand." The court followed *Knapp* and said, "The note herein, being payable 'thirty days after demand', the holder was free to make his demand immediately. The notice was for the benefit of the debtor. The debtor could at any time waive the notice and tender the debt." *Environics, Inc. v. Pratt*, 50 A.D. 2d 552, 553, 376 N.Y.S. 2d 510, 511 (1975).

We hold that the note in question was payable on demand, that the period of limitation began to run on the date it was executed, and that the suit to collect on the debt was barred by the Statute of Limitations. The judgment is, therefore, affirmed.

Affirmed.

Judges PARKER and WEBB concur.