TROY L. GARRISON, SR. v. TROY L. GARRISON, JR., ERIKA K. GARRISON, R. D. DOUGLAS, JR., TRUSTEE, ROBERT BRUCE GERBER, AND BARBARA CHESTNUTT (GERBER)

No. 8418SC59

(Filed 4 December 1984)

Bills and Notes § 19; Evidence § 32.4— promissory note—parol evidence concerning consideration

 In an action on a promissory note, testimony by one of the makers of the note that money was advanced by plaintiff as a gift and that the note was given to plaintiff for tax purposes with no intention that it be repaid was not barred by the parol evidence rule since it did not vary the terms of the note but tended to show that the note was not supported by consideration and was a sham.

APPEAL by defendant from *Wood, Judge*. Judgment entered 19 October 1983 in Superior Court, GUILFORD County. Heard in the Court of Appeals 19 October 1984.

The defendant Erika K. Garrison appeals from the entry of summary judgment against her. The plaintiff alleged that during the years 1979 and 1980 he had made loans to Troy L. Garrison, Jr., the plaintiff's son and Erika K. Garrison, the wife of Troy L. Garrison, Jr., totalling $96,200.00 in order for the defendants Garrison to purchase a lot in Greensboro, N.C. and construct on it a house. The plaintiff alleged further that in January 1980 the defendants Garrison had executed a note to the plaintiff in the amount of $96,200.00 as evidence of the indebtedness.

The plaintiff also alleged that the defendants Garrison had sold the house and lot to the defendants Gerber and taken a deed of trust on the property with R. D. Douglas as trustee. The plaintiff alleged further that he had paid a certain indebtedness for the defendants Garrison to Wachovia Bank and Trust Co.

The plaintiff prayed for a judgment on the note for $96,200.00 with attorney fees, a judgment for the money plaintiff had paid for the defendants Garrison to Wachovia, a resulting trust on the promissory note and deed of trust given by the defendants Gerber to the Garrisons, a constructive trust on the note and deed of trust, an injunction against any payments on the note by the Gerbers, and a lien on property Erika Garrison had bought with part

of the proceeds of the sale of the property she and her husband had bought with the money lent to them by the plaintiff.

Troy L. Garrison, Jr., did not file an answer and a default judgment was entered against him. Erika Garrison filed an answer in which she denied the material allegations of the complaint.

The plaintiff made a motion for partial summary judgment as to the indebtedness on the note. In support of the motion he filed affidavits by him and his son that he had made loans totalling $96,200 to Troy L. Garrison, Jr., and Erika K. Garrison and they had made the note to him as evidence of the indebtedness. Erika K. Garrison filed an affidavit in which she stated that she had never received any of the money from the plaintiff. She said all the money was advanced as a gift to Troy Garrison, Jr., who used it to purchase the lot and construct the house. She stated further that Troy L. Garrison, Jr., had asked her to sign the note in order for his father to have it for tax purposes. She said she did not sign the note as evidence of an indebtedness from her but in order for her father-in-law to have the note for tax purposes.

The Court granted the plaintiff's motion for partial summary judgment in the amount of $96,200.00 and attorney fees against the defendant Erika K. Garrison. She appealed.

*M. Jay Devaney and John P. Daniel for plaintiff appellee.*

*Dees, Johnson, Tart, Giles and Tedder by J. Sam Johnson, Jr., for defendant appellant.*

WEBB, Judge.

At the outset we note that the judgment from which the appeal is taken does not dispose of all the claims and is interlocutory. The Court did not make a finding pursuant to G.S. 1A-1, Rule 54(b) that there is no reason for delay. We hear the appeal within our discretion.

The appellee contends that testimony by Erika K. Garrison that the money advanced by the plaintiff was a gift and it was not intended by the parties that the note be paid is barred by the parol evidence rule. He argues that without this evidence there is not a genuine issue to a material fact and he is entitled to judg-

ment as a matter of law on the note. The resolution of this question depends on whether the testimony of Erika K. Garrison may be considered under the parol evidence rule. The purpose of the parol evidence rule is to give legal effect to the intention of parties to make their written contract a complete expression of their agreement. It prevents the contradiction or variation of the terms of any such agreement. The rule does not come into play until the existence of an enforceable agreement has been shown. See *Contracts*, by E. Allan Farnsworth, Little Brown and Company, 1982, 7.2 et seq., page 447 for an excellent discussion of the parol evidence rule. Our Supreme Court has said that the terms of an agreement are more likely to be only partially integrated in a promissory note. *Borden, Inc. v. Brower*, 284 N.C. 54, 199 S.E. 2d 414 (1973).

In this case the appealing defendant has testified by affidavit that there was no consideration for the note and that it was a sham. She says in her affidavit that the money was advanced as a gift without any expectation of its being repaid. If this is so there was no consideration for the note and she is not obligated on it. *Bank v. Holland*, 51 N.C. App. 529, 277 S.E. 2d 108 (1981). The note would not be one for an antecedent obligation as contemplated by G.S. 25-3-408 because a gift does not create a legal obligation. Erika K. Garrison has also testified by affidavit that the note was given for plaintiff's tax purposes with no intention that it be repaid. If this is true the note is a sham. If the jury should believe either of Erika K. Garrison's contentions she would not be liable on the note. Neither of them contradict nor attempt to vary the terms of the note. Both are based on the theory that the note is of no effect. This evidence is not barred by the parol evidence rule. It was error to grant the plaintiff's motion for partial summary judgment.

The appellee relies on *Bank v. Moore*, 138 N.C. 529, 51 S.E. 79 (1905); *Boushall v. Stronach*, 172 N.C. 273, 90 S.E. 198 (1916); *Kindler v. Bank*, 204 N.C. 198, 167 S.E. 811 (1933); *Bank v. Dardine*, 207 N.C. 509, 177 S.E. 635 (1935); *U.S. v. Cahoon*, 151 F. Supp. 584 (D.C. N.C. 1957); *Bank v. Slaughter*, 250 N.C. 355, 108 S.E. 2d 594 (1959); *Consolidated Vending Co. v. Turner*, 267 N.C. 576, 148 S.E. 2d 531 (1966). We do not believe any of these cases govern. In each of them there was an indebtedness incurred for consideration. The Court in each case held that the payor or debt-

or would not by other evidence contradict his promise to pay. In this case the appellant contends there was not an indebtedness supported by consideration and the execution of the note was a sham.

The defendant has also pled the statute of limitations. The note is a demand note made in January 1980. The statute began running at the time it was made. *Shields v. Prendergast*, 36 N.C. App. 633, 244 S.E. 2d 475 (1978). The action was commenced within three years of the giving of the note and is not barred by the statute of limitations.

Reversed and remanded.

Judges BRASWELL and EAGLES concur.