FRANKLIN CREDIT RECOVERY FUND, XXI, L.P., a VIRGINIA LIMITED PARTNERSHIP, PLAINTIFF-APPELLANT v. IN THE MATTER OF THE FORECLOSURE OF DEEDS OF TRUST OF: W. DEAN HUBER AND WIFE, ELLEN B. HUBER; MICHAEL R. FERRARO AND WIFE, SANDRA E. FERRARO, DEFENDANTS-APPELLEES

No. COA96-1297

(Filed 5 August 1997)

**Negotiable Instruments and Other Commercial Paper § 58 (NCI4th)— promissary note—old loans—refinancing and cancellation—consideration**

A negotiable promissary note executed by two business partners and their wives to refinance, pay and cancel three preexisting lines of credit executed by the partners was given for value so that consideration was present as a matter of law, even if there was no antecedent debt for which all makers were jointly responsible. N.C.G.S. § 25-3-303(a)(1) and (3).

Appeal by plaintiff from orders entered 10 May 1996 and 12 July 1996 by Judge Narley L. Cashwell in Wake County Superior Court. Heard in the Court of Appeals 22 May 1997.

*Brooks, Pierce, McLendon, Humphrey & Leonard, L.L.P., by Jim W. Phillips, Jr., Randall A. Underwood, and Wayne A. Logan, for plaintiff-appellant.*

*Clifton & Singer, L.L.P., by Richard G. Singer, for defendants-appellees W. Dean Huber and Ellen B. Huber.*

*Gulley, Kuhn & Taylor, L.L.P., by David J. Kuhn, for defendants-appellees Michael R. Ferraro and Sandra E. Ferraro.*

LEWIS, Judge.

Plaintiff Franklin Credit Recovery Fund appeals superior court orders denying its foreclosure petition and motion to reopen for additional evidence. We reverse.

Plaintiff is the beneficiary of deeds of trust on properties owned by W. Dean Huber and his wife Ellen B. Huber, and Michael R. Ferraro and his wife Sandra E. Ferraro. The deeds secure a consolidation loan in the amount of $195,976.11, which is evidenced by a promissory note dated 30 October 1990 ("promissory note"). The promissory note consolidates three pre-existing unsecured lines of credit executed by the partners of the partnership of Styles, Bloom, Huber, and Ferraro. The promissory note was executed by the partners and their wives due to an impending government take-over of First Federal Bank ("First Federal"), the original holder of the promissory note. Defendants were informed that due to the take over of First Federal they would either have to pay the three outstanding loans in full or refinance them. Defendants received no additional funds from the promissory note and the interest rate was slightly higher. Defendants failed to repay the promissory note on its due date. The Clerk of Wake County Superior Court entered an order dated 8 March 1996 authorizing the substitute trustee to proceed under the deeds of trust, and to give notice of and conduct foreclosure sales. Defendants appealed to the Superior Court of Wake County.

In superior court, defendants argued that the promissory note was not supported by valuable consideration because they did not receive any benefit in exchange for executing the note and that the pre-existing loans refinanced by the promissory note were not executed by the partnership. Further, defendants maintained that the spouses, Sandra Ferraro and Ellen Huber, signed only as accommodation makers; they received no benefit from signing the promissory note and owed nothing on previous debts of the partnership. The trial court, in an order dated 10 May 1996, reversed the decision of the clerk and denied plaintiff's petition to foreclose. By order entered 12

July 1996, the court denied plaintiff's motion to reopen the hearing for the taking of additional evidence.

Plaintiff brings forth two assignments of error. Because we find merit in the first, we do not reach the second. Appellant contends that the trial court erred as a matter of law in denying its petition to foreclose. We agree.

N.C. Gen. Stat. section 25-3-303 provides in pertinent part:

(a) An instrument is issued or transferred for value if:

(1) The instrument is issued or transferred for a promise of performance, to the extent the promise has been performed;

(3) The instrument is issued or transferred as payment of, or as security for, an antecedent claim against any person, whether or not the claim is due;

(b) "Consideration" means any consideration sufficient to support a simple contract. The drawer or maker of an instrument has a defense if the instrument is issued without consideration. If an instrument is issued for a promise of performance, the issuer has a defense to the extent performance of the promise is due, and the promise has not been performed. *If an instrument is issued for value as stated in subsection (a) of this section, the instrument is also issued for consideration.*

N.C. Gen. Stat. § 25-3-303 (1995) (emphasis added).

The promissory note is a "negotiable instrument" under N.C. Gen. Stat. Section 25-3-104(a). The promissory note, on its face, states: "an unconditional promise or order to pay a fixed amount of money with . . . interest or other charges described in the promise or order; that at the time it was issued it was payable 'to the order of' First Federal; and that it was payable at a definite time." *See* N.C. Gen. Stat. § 25-3-104(a) (1995). Thus, if the instrument were given for value, as provided for in G.S. § 25-3-303(a), it was also issued with consideration as a matter of law. G.S. § 25-3-303(b). We find that the promissory note was given for value and therefore consideration was present as a matter of law.

The underlying transactions here qualify under G.S. § 25-3-303(a)(1) and (3). First, the note was issued as a replacement for the old loans; it was issued in exchange for First Federal's promise

to refinance and cancel the old loans. Second, the promissory note was issued as "payment of, or as security for" the antecedent debt of the old loans. Defendants argue that there is no antecedent debt for which they are jointly responsible; therefore, there was no consideration supporting their promise to pay the promissory note.

Defendants do not appear to grasp the full import of the Uniform Commercial Code. Since the note signed by defendants is a negotiable instrument, it is governed by the provisions of the Uniform Commercial Code. G.S. § 25-3-104(a); *International Minerals and Chemical Corporation v. Matthews*, 71 N.C. App. 209, 321 S.E.2d 545 (1984), *disc. rev. denied*, 313 N.C. 330, 327 S.E.2d 890 (1985). There is no requirement that the antecedent claim be against the same person giving the instrument in payment. G.S. § 25-3-303. The antecedent claim discharged by the instrument can be against "any person." *Id.* The Official Comment to G.S. § 25-3-303(a) specifically states: "Subsection (a)(3) applies to any claim against *any person.* . . . [T]he provision is intended to apply to an instrument given in payment of or as security for the debt of a third person, even though no concession is made in return." G.S. § 25-3-303(a)(3) Official Comment n.4 (emphasis added). This language is clear.

G.S. § 25-3-303(b) states that if an instrument is given for value it is also given for consideration. Here, we find that the promissory note was issued as payment of an antecedent claim (the old loans) and in exchange for the cancellation of such loans as set forth in G.S. § 25-3-303(a)(1) and (a)(3). Therefore, under those provisions, the promissory note was supported by consideration as a matter of law.

Accordingly, the order is reversed.

Judges WYNN and MARTIN, John concur.