IN THE COURT OF APPEALS OF NORTH CAROLINA

2021-NCCOA-303

No. COA20-747

Filed 6 July 2021

Mecklenburg County, No. 19-CvS-10529

ROBERT M. PEDLOW, Plaintiff,

v.

TIMOTHY KORNEGAY, Defendant.

Appeal by plaintiff from an order entered 24 July 2020 by Judge George C. Bell in Mecklenburg County Superior Court. Heard in the Court of Appeals 26 May 2021.

*Raynor Law Firm, PLLC, by Kenneth R. Raynor for Plaintiff-Appellant.*

*Law Offices of Michael Messinger, PLLC, by Michael J. Messinger for Defendant-Appellee.*

GORE, Judge.

¶ 1 Plaintiff Robert M. Pedlow ("Mr. Pedlow") appeals from the trial court's entry of summary judgment in favor of defendant Timothy Kornegay ("Mr. Kornegay"). Following careful review, we reverse the trial court's entry of summary judgment and hold Mr. Pedlow's action is not barred by the applicable statute of limitations.

I. Background

¶ 2 The facts in this case are undisputed. Between 1 August 2006 and 1 October 2007 Mr. Pedlow made several loans to Mr. Kornegay. In 2008, the parties sought to memorialize the loans in a promissory note. Between 6 February 2008 and 29 July

2008, the parties engaged in discussions as to the total amount loaned to Mr. Kornegay by Mr. Pedlow, ultimately agreeing the amount owed was $84,000.00. On the evening of 29 July 2008, Mr. Pedlow's attorney emailed a promissory note to Mr. Kornegay and requested that Mr. Kornegay come to his office the next day to sign the promissory note. The promissory note attached in the 29 July 2008 email was dated 30 July 2008. Mr. Kornegay did not sign the promissory note in July of 2008. In November of 2008, another disagreement as to the amount loaned arose. Between 13 November 2008 and 18 May 2009, the parties were engaged in discussions as to the total amount loaned, again settling on the $84,000.00 amount. Between 18 May 2009 and 2 July 2009, Mr. Pedlow's attorney sent Mr. Kornegay several emails containing the promissory note for signature, with no response from Mr. Kornegay. On 2 July 2009, Mr. Kornegay signed the promissory note and a corresponding security agreement. At no time did Mr. Kornegay make any payments against the principle or interest on the loan.

¶ 3     On 30 May 2019, Mr. Pedlow filed a complaint against Mr. Kornegay demanding payment of the entire balance of the promissory note and alleging Mr. Kornegay was in breach of the promissory note. On 19 June 2019, Mr. Pedlow amended his complaint to include an alternative request for reformation. Mr. Pedlow filed a motion for summary judgment on 15 May 2020. Mr. Kornegay filed a motion for summary judgment, asserting a statute of limitations defense, on 21 May 2020.

On 24 July 2020, the trial court granted Mr. Kornegay's motion for summary judgment. Mr. Pedlow filed written notice of appeal on 26 August 2020.

## II.     Standard of Review

¶ 4         "Our standard of review of an appeal from summary judgment is de novo; such judgment is appropriate only when the record shows that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." *In re Will of Jones*, 362 N.C. 569, 573, 669 S.E.2d 572, 576 (2008) (internal quotations and citations omitted).

## III.     Discussion

¶ 5         Promissory notes are negotiable instruments which are governed by Article 3 of the Uniform Commercial Code ("UCC"). North Carolina has adopted a version of the UCC in Chapter 25 of the North Carolina General Statutes. However, Chapter 25 is not an exhaustive list of applicable commercial laws in North Carolina. "Unless displaced by the particular provisions of [Chapter 25], the principles of law and equity . . . supplement its provisions." N.C. Gen. Stat. § 25-1-103(b) (2020).

¶ 6         The statute of limitations for promissory notes payable on demand generally is six years from the date a demand for payment was made or, if no demand was made, and neither principal nor interest on the note has been paid for a continuous period of ten years, then an action to enforce the note is barred. N.C. Gen. Stat. § 25-3-118(b). However, North Carolina adopted an additional statute of limitations

provision when enacting Article 3 of the UCC. Subsection (h) of § 25-3-118 states, "A sealed instrument otherwise subject to this Article is governed by the time limits of [N.C. Gen. Stat. §] 1-47(2)." N.C. Gen. Stat. § 25-3-118(h). Here, the last line of the promissory note reads,

> IN WITNESS WHEREOF, Maker has executed this Note under seal as of the day and year first above written.

Further, the word "seal" appears in parentheses next to Mr. Kornegay's signature on the promissory note, this is sufficient to support a finding that the document was executed under seal. *See Biggers v. Evangelist*, 71 N.C. App. 35, 39, 321 S.E.2d 524, 527 (1984). Therefore, we apply the time limits of § 1-47(2).

¶ 7      Mr. Kornegay argues that because § 25-3-118(b) specifically applies to negotiable instruments payable on demand, and the promissory note at issue here is payable on demand, § 25-3-118(b) trumps any other statute of limitations and provides the exclusive statute of limitations for demand notes. However, the language "[a] sealed instrument otherwise subject to this Article . . ." demonstrates that when an instrument is executed under seal § 25-3-118(h) displaces any other statute of limitations found in the UCC. Further, § 25-3-118(a) provides a statute of limitations for negotiable instruments payable on a specific date. Following the logic of Mr. Kornegay's argument, § 25-3-118(a) would create an exclusive statute of limitations for notes payable on a specific date. As negotiable instruments can only be payable

on a specific date or payable on demand, if we adopted Mr. Kornegay's argument and applied the statute of limitations in § 25-118(b) simply because the note at issue here is payable on demand, we would effectively be rendering § 25-3-118(h) inapplicable under any circumstances. Therefore, we find § 25-3-118(h) clearly dictates the statute of limitations when an instrument is executed under seal.

¶ 8        Section 1-47(2) provides a ten-year statute of limitations. N.C. Gen. Stat. § 1-47(2). Therefore, whether the present action is barred by the applicable statute of limitations hinges on what date the statute of limitations accrued and began to run. Mr. Pedlow argues the statute of limitations accrued 2 July 2009, the day the promissory note was signed, while Mr. Kornegay argues the statute of limitations accrued on 30 July 2008, the date appearing on the face of the executed document.

¶ 9        Article 3 of North Carolina's UCC does not provide specific guidance on when the statute of limitations on a negotiable instrument accrues, therefore, under § 25-1-103(b) we must look to principles of law and equity to inform this analysis. "The statute of limitations on an action on a promissory note payable on demand begins to run from the date of the execution of the note." *Wells v. Barefoot*, 55 N.C. App. 562, 566, 286 S.E.2d 625, 627 (1982) (citing *Caldwell v. Rodman*, 50 N.C. 139, 140–41 (1857)); *see also Causey v. Snow*, 122 N.C. 326, 329, 29 S.E. 359, 360 (1898); *Shields v. Prendergast*, 36 N.C. App. 633, 634, 244 S.E.2d 475, 476 (1978); *Penley v. Penley*, 314 N.C. 1, 20, 332 S.E.2d 51, 62 (1985) ("A cause of action generally accrues and the

statute of limitations begins to run as soon as the right to institute and maintain a suit arises."). Our Supreme Court in *Caldwell* remarked that the principle behind the common law rule is, "that the execution of the note, or the borrowing of money, where no time for the payment is specified, creates a present debt, upon which an action can be brought immediately." 50 N.C. 139, 141 (1857). The issue of whether a note is executed on the date signed or the date appearing on the face of the document appears to be an issue of first impression in North Carolina. We find the statute of limitations began to run on 2 July 2009.

¶ 10    Here, Mr. Kornegay admitted, in an affidavit submitted to the trial court and during deposition, that a further dispute as to the amount owed arose between Mr. Kornegay and Mr. Pedlow in November 2008, after the 30 July 2008 date listed on the promissory note, and negotiations as to the amount owed continued after November 2008. This is evidence that, had Mr. Pedlow wanted to, he would not have been able to sue to enforce the promissory note as of 30 July 2008, and that the promissory note was not finalized, and an action could not have been brought on the note until the document was signed on 2 July 2009. Further, Mr. Kornegay does not dispute, or provide evidence to the contrary, that he signed the promissory note on 2 July 2009. Therefore, because the debt was not finalized and secured until Mr. Kornegay signed and Mr. Pedlow would not have been able to sue under the

promissory note until the document was signed, we find that the note was executed, and the statute of limitations began to run on the date the document was signed.

¶ 11          Mr. Kornegay argues we should find the statute of limitations began to run on the date appearing on the face of the promissory note, 30 July 2008, because § 25-3-113(a) allows for an instrument to be postdated. *See* N.C. Gen. Stat. § 25-3-113(a). Mr. Kornegay relies on this provision to claim that the date appearing on the face of the document is the only date from which the statute of limitations could begin to run. However, we do not find this argument persuasive, because looking at § 25-3-113 as a whole, the statute specifically uses the date stated to determine timing of payment and makes no mention of any effect on the statute of limitations. Using the logic employed by Mr. Kornegay in making this argument, § 25-3-105 would be just as applicable in determining when the statute of limitations began to run. Section 25-3-105(a) provides that "'Issue' means the first delivery of an instrument by the maker or drawer . . . for the purpose of giving rights on the instrument to any person." N.C. Gen. Stat. § 25-3-105(a). If this section had any bearing on the statute of limitations, the limitations period would begin to run when someone gains rights under the instrument, in this case when Mr. Pedlow gained the right to enforce the instrument. Therefore, the statute of limitations would begin to run on the date of signature, which is in direct opposition of the beginning of the limitations period when the same reasoning is applied to § 25-3-113. Because neither §§ 25-3-105 or 25-3-113 explicitly

state they dictate when the limitations period begins to run, we find that neither are applicable, and the principles of law and equity addressed above control the running of the statute of limitations.

## IV. Conclusion

For the foregoing reasons we find that the statute of limitations began to run on the date the promissory note was executed, 2 July 2009. As a result, Mr. Pedlow's action filed on 30 May 2019 was not barred by the ten-year statute of limitations in § 1-47(2). We reverse the trial court's entry of summary judgment in favor of Mr. Kornegay and remand this matter for proceedings consistent with this opinion.


REVERSED AND REMANDED.

Judge CARPENTER concurs.

Judge Dillon concurs in result by separate opinion.

DILLON, Judge, concurring, writing separately.

I concur in the majority opinion. Plaintiff's action on the promissory note is not barred by the statute of limitations. I write separately to clarify one point. I conclude that Plaintiff did have a cause of action based on the original debt which accrued prior to the execution of the promissory note at issue, notwithstanding that the amount owed was in dispute at that time. However, the execution of the promissory note created a new cause of action, which is the subject of Plaintiff's complaint, which did not accrue until the note was executed, as the majority holds.

This is an action to enforce a promissory note. Defendant made several loans to Plaintiff between 2006 and 2007. However, there was a disagreement regarding *the amount* owed by Defendant, a dispute which lasted until Defendant executed the promissory note on 2 July 2009.

I am writing to clarify that I conclude that though prior to 2 July 2009 the amount of the debt was in dispute, Plaintiff did have a cause of action against Defendant which had accrued based on the debt owed. That cause of action was presumably subject to a 3-year statute of limitations pursuant to Section 1-52 of our General Statutes. The time to bring a cause of action on a debt is not tolled merely because the parties disagree about the amount owed or whether money is owed at all.

However, the execution of the promissory note by Defendant gave rise to a new obligation, an obligation based on the note itself. *See Franklin Credit v. Huber*, 127 N.C. App. 187, 487 S.E.2d 825 (1997).

¶ 17    Regarding the cause of action based on the note, it is undisputed that Defendant executed the note on 2 July 2009, as this fact is admitted by Defendant in his affidavit that was before the trial court at the summary judgment hearing.

¶ 18    It is clear from the language of the note that the note is a *demand* note. Thus, Plaintiff's cause of action on the note accrued upon its execution by Defendant.

¶ 19    Further, the note expressly states that Defendant was executing the note "under seal", and the word "SEAL" appears next to Defendant's signature. Accordingly, based on our holding in *Central Systems v. General Heating*, the note at issue here is a sealed instrument, subject to the 10-year statute of limitations found in Section 1-47, *as a matter of law*. 48 N.C. App. 198, 202, 268 S.E.2d 822, 824 (1980).

¶ 20    Since Plaintiff brought this action to enforce the note within 10 years of 2 July 2009, Plaintiff's action on the note is not barred by the statute of limitations as a matter of law.